GALENA–SIGNAL OIL CO. v. W. P. FULLER & CO.

(Circuit Court, N. D. California. January 12, 1906.)

No. 13,410.

1. TRADE-MARKS—PURPOSE.

It is the primary purpose of a trade-mark to indicate the producer of the article or commodity on which it is used, and to distinguish it from like articles produced by others.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trade-Marks and Trade-Names, § 1.]

2. SAME—DISTINCTIVENESS OF DEVICE—STAR.

A representation of a star cannot by its own meaning indicate the origin or ownership of such an article as lubricating oil, nor in view of its general use as a symbol can it be appropriated as a trade-mark except in connection with other devices or words such as to render the whole characteristic.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trade-Marks and Trade-Names, § 8.]

3. SAME—INFRINGEMENT.

A trade-mark for a lubricating oil, consisting of the representation of a five-pointed star, with the word "Galena" above and the word "Oil" below it, and the letter "G" in its center, is not infringed by a device consisting of a six-pointed star made by imposing one triangle upon another and having the words "Extra Star" in connection.

In Equity.

This is a suit by the Galena-Signal Oil Company, a corporation organized and existing under the laws of Pennsylvania, against W. P. Fuller & Co., a corporation organized and existing under the laws of California, to restrain the infringement of complainant's trade-mark. The motion before the court is for a preliminary injunction, and was heard upon the bill of complaint and answer and affidavits introduced by both the complainant and defendant in support of their respective claims to the trade-mark in controversy.

Chickering & Gregory, for complainant.
Wright & Lukens, for defendant.

MORROW, Circuit Judge (orally). The complainant is a corporation organized and existing under the laws of Pennsylvania, having its principal place of business in the city of Franklin, Venango county, Pa. The defendant is a corporation organized and existing under the laws of the state of California, having its principal place of business in the· city of San Francisco.

It is alleged by the complainant that it is the sole proprietor of a certain useful preparation or compound known and designated as lubricating oil, a product of petroleum of great utility, especially as a lubricant for locomotives, machines, engines, and machinery of various kinds; that on or about January 1, 1870, the Galena Oil Works, Limited, of Franklin, Pa., having entered into the business of compounding and vending said preparation or compound of lubricating oil, and putting up the same in suitable barrels and other packages and receptacles, and under appropriate marks and labels, and having become fully satisfied that said preparation or compound was of great merit and value, did, for the purpose of prosecuting appropriately and efficiently their business of making and vending and causing to be furnished for the market said compound, and to distinguish its said product or preparation from all other similar compounds or productions made, used, or sold by other parties or persons, adopt the symbol and representation of a star as its trade-mark, and cause it to be placed upon barrels and other receptacles and packages, and upon its advertisements to the public of the same, the said star symbol, together with the name of said company and place of manufacture; that the said use of the said symbol at once became extensive, and was widely known and recognized as the trade-mark and the distinguishing symbol of the manufacture of the Galena Oil Works, and such use was widely known and acquiesced in by the public.

It is further alleged that the Galena· Oil Company, of Franklin, Pa., incorporated under the laws of Pennsylvania, became the successor and owner of the entire business of the said Galena Oil Works, and continued to make, use, and vend the same lubricating oil at the same place and throughout the United States, and to distinguish their manufacture and sale of the same by the same mark and in the same manner as it had before been used and advertised by its predecessor.

It is further alleged that the complainant, the Galena-Signal Oil Company, became and is the successor of the said Galena Oil Company, and owner of the entire business thereof, and has continued to, and does now, extensively make and sell the same goods and to use the same star symbol and trade-mark upon barrels, receptacles, and packages containing the said lubricating oil made, used, and sold by it, the same as was practiced by its predecessor; that the use of the said star symbol trade-mark, first by the Galena Oil Works, then by its successor, the Galena Oil Company, and then by the complainant, the Galena-Signal Oil Company, has been continuous since the year 1870, as a distinguishing mark in the said manufacture and sale

of the said lubricating oil compound, placed upon all receptacles containing the same, and which continuous use has been well known to the public and acquiesced in by it, except by the wrongful acts and use of the defendant.

It is alleged that the claimant has expended large sums of money, much exceeding $20,000, in introducing to the public use said lubricating compound, labeled with the star symbol and known as the "Star Brand," and for the forming of connections and other arrangements in the promotion of its business for trade and commerce in said compound so labeled throughout, not only all the United States and territories, but also with foreign countries; that it has used said mark extensively in the state of California, and in the city of San Francisco, in said state; that for the better protection of complainant's interests it did, on the 22d day of November, 1902, and under the provisions of an act of Congress approved March 3, 1881, c. 138, entitled "An act to authorize the registration of trade-marks and protect the same" (21 Stat. 502 [U. S. Comp. St. 1901, p. 3401]), apply to the Commissioner of Patents to register the said symbol as the trade-mark of the complainant, and, having complied with the requirements of the law in that behalf, the Commissioner of Patents, after due examination, did on the 23d day of September, 1902, issue the certificate of the United States Patent Office, numbered 39,537, to the complainant, setting forth such registration by the complainant, as appears by a certified copy of the certificate annexed to the bill of complaint.

It is alleged that the defendant, W. P. Fuller & Co., is doing business as a dealer in and manufacturer of paints, painters' supplies, oils, lubricants, and lubricating oils in the city of San Francisco, and that, in violation of complainant's rights, it has fraudulently offered and sold, and is continuing to advertise and offer for sale in said city, in the state of California, and elsewhere in the United States, an oil for lubricating purposes, put up in receptacles, with labels and brands on said receptacles containing the words, "Star Engine Oil. W. P. Fuller & Co.," together with the figure of a star.

It is further alleged that defendant on October 19, 1897, procured the registration at the Patent Office of a trade-mark consisting of the words "Extra Star," as appears by certificate of the Patent Office, numbered 30,716; that a part of this trade-mark was the figure of a star declared to be used by defendant, among other things, on lubricants and lubricating oils, the essential features of which mark were the pictorial representation of a star formed by placing two triangles one above the other, and the words "Extra Star," and which the defendant declared had been in use by it and its predecessors since 1880; that on September 4, 1901, the Galena Oil Company, predecessor of complainant, filed its application in the Patent Office for one form of its trade-mark on lubricating oils, consisting of a star formed by two crossed triangles, with the letter "G" inclosed in the figure thus formed; that after some proceedings, in which it is shown that the Galena Oil Company was the successor of the Galena Oil Works, which latter company, as before said, was the first owner of the star trade-mark as set forth in patent office certificate No. 23,966 of January 2, 1894, an interference proceeding was instituted to determine

the question of the presumptive lawfulness of the claim and priority of adoption, use, and right of possession as between the Galena Oil Company and W. P. Fuller & Co. as to the said star trade-mark; that thereupon the Galena Oil Company took its testimony in said proceeding, but that W. P. Fuller & Co. took no testimony therein; that after further due proceedings in accordance with the provisions of the law were had, and upon a full hearing, the examiner of interferences, and afterwards the Commissioner of Patents, upon appeal by W. P. Fuller & Co. from the decision of said examiner, both determined and held that the essential matter common to the application of the Galena Oil Company and the said mark of W. P. Fuller & Co. was the representation of a star on receptacles containing lubricating oil, and both of said tribunals awarded priority of adoption, use, and ownership to the said Galena Oil Company as against said W. P. Fuller & Co., and thereupon, as the result of said proceedings, certificate No. 39,536 was issued by the United States Patent Office to the said Galena Oil Company on December 23, 1902; that the complainant became the owner of said certificate and the trade-mark therein described as the successor of said Galena Oil Company.

It is further alleged that, notwithstanding the premises, the defendant has, since on or about the 1st day of January, 1888, at San Francisco, and other places within this jurisdiction, against the protest and notices of complainant, and in violation of complainant's rights, continued, and still continues, to fraudulently and unlawfully offer for sale, and to sell and advertise for sale, lubricating oil for engines, locomotives, etc., in packages containing the same, and to distinguish the same in the trade and in its advertisements by the figure of a star, and known at the "Star Brand" of lubricating oil. It is further alleged that, by reason of the aforesaid acts and doings of the defendant, the public and purchasers are liable to be confused and misled and deceived into supposing that in the purchase of said Star brand of lubricating oil they are obtaining complainant's genuine lubricating oil, owing to the similarity of the name and designation and appearance of the symbol and brand to that used by the defendant; that the value and usefulness of the trade-mark of complainant, by reason of the acts of the defendant, is likely to become, and has become, seriously impaired; that complainant has been, and will thus be, deprived of the benefit to which it is justly entitled as the exclusive proprietor and owner of said trade-mark.

It is alleged that the damages suffered by the complainant by reason of its loss of the rightful benefit of its trade-mark and the impairment of its business and diversion of profits, and injury to its name and reputation caused by the wrongful acts of the defendant, are difficult of estimation, but that the damages from such wrongful acts are, exclusive of interest and costs, upwards of the sum of $10,000.

The complainant prays for an injunction requiring the defendant to desist from the imitation, or colorable imitation, of complainant's trade-mark, and from using the name or symbol of a star in their business, or as a mark upon any of their oil products used or sold as lubricants.

The defendant in its answer denies the material allegations of the complaint; denies that the complainant, or any of its predecessors in interest, ever adopted the symbol or figure of a star to designate lubricating oil produced by it or them, and used such a symbol for such a length of time and under such circumstances as to show an intention to adopt it as a trade-mark; denies that the symbol of a star is or ever has been known or recognized by the trade or consumers of lubricating oil as indicating an article of lubricating oil made or sold by the complainant or any of its predecessors. On the contrary, defendant alleges that the symbol of a star as a trade-mark for lubricating oil was adopted as early as 1878 by the firm of Whittier, Fuller & Co., the predecessors in interest of the defendant; that from that time until the present time it was continuously and exclusively used as a trade-mark for lubricating oil by the said firm of Whittier, Fuller & Co. and by the defendant, its assignee, as a trade-mark for lubricating oil; that said Whittier, Fuller & Co. and the defendant have during this time sold lubricating oil under their said trade-mark of the value of $2,400,000, in California, Oregon, Washington, Nevada, Arizona, Idaho, and other states and territories of the United States, and have exported to the Hawaiian Islands, Australia, and elsewhere; that the said firm of Whittier, Fuller & Co. have expended over $98,000 in advertising and in payment of salaries of salesmen and others for the purpose of extending the sale of lubricating oil under that brand; that the symbol of a star now is, and for a long time has been, known by the trade and consumers of lubricating oil as exclusively indicating lubricating oil produced and sold by the defendant; that with respect to the proceedings before the Commissioner of Patents defendant avers that it was advised by counsel to abstain from offering to the Commissioner on said interference proceedings any evidence of its property rights in and to said trade-mark, and therefore abstained from so doing; that nevertheless the complainant did not by its evidence before the Commissioner show any such continued use of a star as would point out to the public that the goods on which it was said to have been used were the goods of complainant or any of its predecessors, nor did the complainant show to the Commissioner any such use of the said symbol by it or its predecessors as would in any manner create at law or in equity a valid trade-mark.

The defendant in its answer refers in detail to its business transactions, and also the business of its predecessor, the firm of Whittier, Fuller & Co., and its use of the symbol and representation of a star as a trade-mark on paints, oils, and lubricating oils, as well as illuminating oils. It alleges a sale in 1895 to the Standard Oil Company of that part of the business of the defendant which consisted in the dealing in and manufacture of oils, naptha, and gasoline, together with the brand used by it in connection with those articles; that in accordance with the requirements of the Standard Oil Company the defendant registered its trade-mark of a star in the Patent Office at Washington; that since the said sale the Standard Oil Company has used the symbol of a star as a trade-mark for lubricating oils sold by it, and the defendant has also used the symbol of a star upon the lubri-

cating oils produced and sold by it; that the trade of the defendant in said articles under that trade-mark has constantly increased, and in particular, owing to a great increase in the use of machinery of all kinds, the trade of defendant in lubricating oils bearing that trade-mark has greatly increased.

It does not appear from the affidavits in support of the complaint that the defendant has sold or placed upon the market any of its product as and for the product of the complainant. No one appears to have been deceived by the defendant's trade-mark into purchasing its lubricating oils in the belief that he was purchasing lubricating oils produced by the complainant. It is not alleged, and no fact is stated justifying the inference, that there has been any false or deceitful representations or unfair dealing on the part of the defendant, or that it has had any fraudulent intent in the use of its trade-mark in the identification of its own goods. There is, therefore, lacking in this case the element of unfair competition in trade which is generally the essence of the wrong that brings the complainant into a court of equity for relief against the infringement of a trade-mark. Canal Co. v. Clark, 13 Wall. 311, 322, 20 L. Ed. 581. The action is limited to the charge that the defendant has infringed a technical trade-mark in violation of a right of property wherein the fraudulent intent is presumed. The object of the suit is to restrain a further violation of the alleged right of property. Elgin Nat. Watch Co. v. Illinois Watch Co., 179 U. S. 665, 674, 21 Sup. Ct. 270, 45 L. Ed. 365.

This issue makes it necessary to consider the nature of a trade-mark. What is it? It has been determined that to acquire the right to the exclusive use of a name, device, or symbol as a trade-mark, it must appear that it was adopted for the purpose of identifying the origin or ownership of the article to which it is attached, or that such trade-mark must point distinctly, either by itself or by association, to the origin, manufacture, or ownership of the article on which it is stamped. It must be designed, as its primary object and purpose, to indicate the owner or producer of the commodity, and to distinguish it from like articles manufactured by others. Columbia Mill Co. v. Alcorn, 150 U. S. 460, 463, 14 Sup. Ct. 151, 37 L. Ed. 1144. It is manifest that the symbol or representation of a star cannot by its own meaning indicate the origin or ownership of such an article as oil. It can only, then, be by association that its origin or ownership can be so indicated. But the representation of a star is a familiar symbol, and can be found in every character of business and associated with all kinds of products and goods. Standing alone, it is not sufficiently distinctive to answer the requirements of a trade-mark, for the reason that it has been adopted by many manufacturers and producers for all kinds of articles. It can be found all through the Patent Office Gazette, but always in connection with some other mark or device to indicate origin or ownership. The symbol or device which one is at liberty to affix to a product of his own manufacture as a trade-mark must be one not previously appropriated, and which will distinguish the article from one of the same general nature manufactured or sold by others. Manufacturing Co. v. Trainer, 101 U. S. 51, 54, 25 L. Ed. 993.

The complainant in this case seems to have understood this particular feature of a trade-mark, and accordingly we find that it has used the figure of a star with other designation and other marks to distinguish its product and indicate origin and ownership, as, for instance, in the trade-mark of complainant now under consideration the star has the letter "G" inserted in the body of the figure. This trade-mark is described in the Trade-Mark Register by the complainant and its predecessors as No. 23,965. The essential feature is declared to be "the words 'Galena Oil' and the representation of a star that embraces the letter 'G.'" The letter "G" is the initial of the word "Galena," and indicates origin and ownership. It is true that on the same day the Galena Oil Works registered two other trade-marks, and one of these is the representation of a star without other devices. This trade-mark is registered as No. 23,966. But there is no evidence that this trade-mark has been used by the complainant, and it is not involved in this controversy.

There is a peculiar matter in connection with these trade-marks. In the interference proceedings had before the Commissioner of Patents in 1902, the trade-mark described as that used by the complainant, and its predecessors was No. 23,965, with the words "Galena Oil" and the letter "G" inserted in the middle of the star. In the testimony of the witnesses, where they refer to the registration, the number is given as 23,966, the device of which is a star simply, without any other designation associated with it. But in describing that trade-mark the witnesses describe trade-mark No. 23,965, which has the words "Galena" above the star and "Oil" below the star, and the letter "G" in the center of the star. Now, the Commissioner, in passing upon this case, correctly treated the trade-mark used by the complainant and its predecessors as being No. 23,965, and not No. 23,966, and he held that the registration of this trade-mark proved priority over defendant's trade-mark registered in 1897.

In 1896 Whittier, Fuller & Co. filed for registration a trade-mark composed of two triangles, one imposed upon the other, making a six-pointed star, and the words "Extra Star" above it. In that application it was declared that the essential feature of the trade-mark was a pictorial representation of a star formed by placing two triangles one above the other, and words therewith, "Extra Star." The complainant files a trade-mark, registered as No. 39,536, in 1902, or six years later than that of the defendant, composed of two crossed triangles, with the letter "G" inclosed in the figure thus formed. The Commissioner of Patents allowed this registration to be made, upon the theory that it had been adopted by the complainant in 1894; that is to say, that the registration in 1894 of a five-pointed star, with "Galena" above, and "Oil" below, and a letter "G" in the center, was the same as a six-pointed star formed by two triangles, one placed upon the other, with the letter "G" in the center registered in 1902. I do not concur in this view. But the question is, does the defendant's trade-mark infringe the complainant's trade-mark, in any aspect of the case?

The complainant's trade-mark is a five-pointed star, has the letter "G" in it, and the words "Galena" above, and "Oil" below it. The de-

fendant's device is that of two triangles, one imposed upon the other, making a six-pointed star, and has the words "Extra Star" added to it. My opinion is that the defendant's device will not deceive anybody into the belief that it is complainant's trade-mark, or is intended to cover complainant's goods. The resemblance is not so close as to deceive any ordinary purchaser buying with ordinary caution. Besides, defendant places its name upon its product to further distinguish it from all others, and deception seems impossible. I ought to say, further, that, while these proceedings have been taken in the Patent Office, the complainant claims its right in this trade-mark as a common-law right. But the proceedings in the Patent Office and the evidence before the court show what the complainant claims as a trade-mark, namely, a five-pointed star, with a letter "G" in the center, and the words "Galena" above and "Oil" below the star. It appears from the affidavit of Charles Miller, the president of the complainant, that the trade-mark used by it and its predecessor consisted of a star with the letter "G" in the center, the letter "G" intended to stand for "Galena," the brand of oil manufactured by said company; that the use by said company of said trade-mark was begun about the year 1870, and that said star, with the letter "G" in the center, has been in continuous use from about the year 1870 down to the present time, either by the complainant or its predecessors in title; that there were two forms of stars, one being a five-pointed star and the other a six-pointed star, with the letter "G" in the center, and both forms of this trade-mark were used on precisely the same character of goods manufactured by the said company. The affidavit of D. D. Mallory, the bookkeeper of the complainant, who has been in the employ of the complainant and its predecessors since 1880, refers to the letter heads used by the Galena Oil Company, showing the trade-mark of the double star, with the letter "G" in the center, and the witness alleges that this trade-mark had been in continuous use by the Galena-Signal Oil Company and its predecessors in title on all its stationery since the witness had been in their employ, covering a period of 23 years.

The evidence introduced before the Commissioner of Patents in the interference case shows that this particular trade-mark was not used on the packages of oil sent out by the complainant or its predecessors before December, 1899. The evidence on the part of the defendant shows that the six-pointed star, with the words "Extra Star" above, had been in use by the defendant and its predecessor since 1878, or for more than 20 years prior to the time complainant used the same trade-mark on its goods. The trade-mark used by the complainant on its goods prior to 1899 was the five-pointed star, with the words "Galena" above and "Oil" below, and the letter "G" in the center. This trade-mark the Commissioner of Patents held was substantially the same as defendant's six-pointed star, with the words "Extra Star" above. In this view, as before stated, I do not concur. But I hold that defendant's six-pointed star, with the words "Extra Star" above, is not calculated to induce any one buying defendant's goods into the belief that such person is buying complainant's goods with the trade-

mark of the five-pointed star, with the words "Galena" above and "Oil" below, and the letter "G" in the center. In support of this view, it is somewhat significant that these two trade-marks were not brought into conflict until 1902. The partial explanation is that complainant was selling its lubricating oils in the eastern states and exporting them to Europe, while the defendant was selling its lubricating oils in the western states and exporting them to the Hawaiian Islands and Australia. It further appears that the complainant and its predecessors have been selling its lubricating oils to large railroad companies, who doubtless bought the oil because it was produced by the complainant and its predecessors, who had achieved a reputation for producing a high character of oil under the name and brand of "Galena Oil," and not under any trade-mark. This fact I think sufficiently appears from the pamphlet introduced in evidence concerning complainant's "Galena Oils," where no reference is made to any trade-mark under which complainant's product is sold.

It follows that the trade-mark of two triangles forming a six-pointed star, with the letter "G" in the center, not having been used by the complainant as a trade-mark until 1899, and the defendant having registered its trade-mark of a similar star with the words "Extra Star" above, in 1894, and having had this trade-mark in use since 1878, I do not find any infringement by defendant of complainant's trade-mark.

The motion for a temporary injunction will be denied.