## SHEFFIELD-KING MILLING CO. v. THEOPOLD-REID CO.

(Court of Appeals of District of Columbia. Submitted November 17, 1920. Decided January 3, 1921.)

No. 1336.

1. Trade-marks and trade-names ⬡⇒44—Prior decision as to application for different mark held not res judicata.

A judgment in a prior opposition to registration of a trade-mark involving the same parties, denying registration to a mark consisting simply of the portrait of a man and the word "Faribault" thereunder, is not res judicata of the applicant's right to register a trade-mark consisting of the portrait of a man with the words "Jean Baptiste Faribault" beneath the picture; the picture and words being located in a circular field, with a representation of stalks of grain on either side of the portrait.

2. Trade-marks and trade-names ⬡⇒43—Owner cannot oppose another mark having only geographical name in common.

Where the only feature common to the trade-marks of applicant and opposer which might lead to confusion is a geographical name, which either party has a right to use, the opposition to the registration cannot be sustained.

Appeal from the Commissioner of Patents.

Application by the Theopold-Reid Company for registration of a trade-mark, opposed by the Sheffield-King Milling Company. From a decision of the Commissioner of Patents, granting the application for registration, the opposer appeals. Affirmed.

A. C. Paul, of Minneapolis, Minn., and W. G. Henderson, of Washington, D. C., for appellant.

James F. Williamson, of Minneapolis, Minn., and Charles J. O'Neill, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. The Sheffield-King Milling Company appeals from the decision of the Commissioner of Patents holding the Theopold-Reid Company entitled to register a trade-mark for wheat ,flour consisting of the portrait of a man with the words "Jean Baptiste Faribault" written beneath the picture, the picture and words being located in a circular field with a representation of stalks of grain on either side of the portrait.

The opposition is based upon the previous use by the opposer of the mark "Faribault Fancy" on wheat flour. Both parties are located at Faribault, Minn.

[1] Appellant contends that applicant's right to registration is res

⬡⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

judicata because of a judgment rendered in a prior opposition involving the same parties. The mark of the earlier opposition consisted simply of the portrait of a man and the word "Faribault" written in large type thereunder. Comparing the marks, we agree with the Commissioner that the mark in the second opposition is so different from the mark of the first opposition that judgment against applicant in the first could not, under any circumstances, work estoppel in the second.

[2] Coming to the merits of the case, the only feature common to the two marks which might lead to confusion is the word "Faribault"; but this is geographical, and either party, or any other person, has a right to use it. Nor will the registration of applicant's mark containing the word prevent any other manufacturer in Faribault from using it. Opposer, therefore, is not in position to establish injury from the registration of applicant's mark.

The decision is affirmed.

Affirmed.