## PATTON PAINT CO. v. SUNSET PAINT CO.

(Court of Appeals of District of Columbia. Submitted January 12, 1923. Decided June 4, 1923.)

### No. 1545.

1. Trade-marks and trade-names and unfair competition ☞3(3)—Purpose of mark is to indicate origin or ownership.

    The purpose of a trade-mark is to indicate, either by itself or by association, the origin or ownership of merchandise, and any one may attach to his merchandise any symbol, not previously appropriated, which will distinguish his goods from those of the same general nature manufactured or sold by others.

2. Trade-marks and trade-names and unfair competition ☞20—"Sun" and its representations cannot be exclusively appropriated.

    The word "sun," and representations of the sun, have been used so long by business men in the making of trade-mark names and devices that neither can be so exclusively appropriated by one manufacturer or tradesman as to wholly deny its use in any manner by others.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. **Trade-marks and trade-names and unfair competition ☾⟹20—Appropriation of particular representation of sun does not exclude different representations.**

The display of the word "sun," and a representation of the sun may be so distinctive and so unique as to warrant their appropriation as a trade-mark; but that appropriation, by itself, does not exclude others from the use of a different distinctive display of the word, or a distinctively.different representation.

4. **Trade-marks and trade-names and unfair competition ☾⟹43—"Sun-Glo" and "Sun-Proof" held not deceptively similar.**

The word "Sun-Glo," as a trade-mark for paints and painters' supplies, is not deceptively similar to a prior registered trade-mark "Sun-Proof," for similar articles, since the meaning conveyed by the two is distinctly different, and the word "sun," which is the common feature of both marks, was a term which either party had a right to use in making a compound word or designation.

5. **Trade-marks and trade-names and unfair competition ☾⟹43—Failure to produce proof of confusion is evidence against deceptive similarity.**

Where the trade-mark of applicant had been used since 1915, the failure of the opposer to introduce evidence of confusion in the trade caused thereby is rather convincing that no such confusion existed, and that the ground for opposition was untenable.

6. **Trade-marks and trade-names and unfair competition ☾⟹79—Improper use of registered mark may be restrained as unfair competition.**

The improper use of a registered trade-mark may be prevented by the remedies provided against unfair competition.

Appeal from the Commissioner of Patents.

Application by the Sunset Paint Company for registration of a trade-mark, opposed by the Patton Paint Company. From a decision dismissing the opposition, the opposer appeals. Affirmed.

W. T. Estabrook, of Washington, D. C., for appellant.

Arthur E. Wallace, of Chicago, Ill., for appellee.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court of Customs Appeals.

SMITH, Acting Associate Justice. In 1897 the assignor and predecessor in interest of the Patton Paint Company registered as a trademark for its paints a serrated representation of the sun, bearing the words "Patton's Sun-Proof Paints," the essential parts of which mark were declared.to be the arbitrarily selected word "Sun-Proof" and a conventionalized picture of the sun. In 1915 the company registered in the Patent Office, as a trade-mark for its ready mixed paints and painters' materials, a face in a serrated circle, from the upper and lower part of which comet-like rays or streamers projected.

The Sunset Paint Company, of Los Angeles, on the 27th of January, 1920, applied for registration of the word "Sun-Glo," used by it from 1915 as a trade-mark for its house paints, wall paints, painters' materials, and floor varnishes. To that application the Patton Paint Company presented its opposition, to which answer was made, denying the material allegations thereof, and averring as an affirmative defense that in form, appearance, and meaning the trade-mark name "Sun-Glo" so differed from that of the opposer as not to mislead or confuse the

☾⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ordinary purchaser. Testimony was taken by deposition and submitted to the Examiner of Interferences on the issue joined.

The Examiner of Interferences held that the applicant, the Sunset Paint Company, was not entitled to registration. On appeal that decision was reversed by the First Assistant Commissioner of Patents, and the opposition of the Patton Paint Company was dismissed. From the decision of the Assistant Commissioner, an appeal was taken by the Patton Paint Company to this court, and in support of that appeal it is contended that the word "Sun" is a very important feature of the applicant's trade-mark name and that, while the word "Glo" is not similar to the word "Proof" in appellant's trade-name, there is such similarity in appearance and sound between "Sun-Proof" and "Sun-Glo" that it would cause goods marked "Sun-Glo" to be mistaken for those of appellant.

[1] We cannot agree with that contention. The purpose of a trade-mark is to indicate, either by itself or by association, the origin or ownership of the merchandise to which it is attached, and any one may attach to his wares or merchandise any symbol of device, not previously appropriated, which will distinguish his product or goods from those of the same general nature manufactured or sold by others. Galena-Signal Oil Co. v. W. P. Fuller & Co. (C. C.) 142 Fed. 1002, 1007; Columbia Mill Co. v. Alcorn, 150 U. S. 460, 463, 14 Sup. Ct. 151, 37 L. Ed. 1144; Manufacturing Co. v. Trainer, 101 U. S. 51, 53, 25 L. Ed. 993. Whether the trade-mark of the applicant distinguishes its goods from those of the opposer, carrying the mark "Sun-Proof," is therefore the vital question in the case.

[2] The word "Sun," and representations of the sun, have been used so long by business men in the making of trade-mark names and devices, that neither one nor the other can be so exclusively appropriated by one manufacturer or tradesman as to wholly deny its use in any manner by others.

[3] The display of the word "Sun," and a representation of the sun, may be so distinctive and so unique as to warrant their appropriation; but that appropriation by itself does not exclude others from the use of a different, distinctive display of the word "Sun," or of a distinctively different representation of the sun.

[4] The word "Sun" is a feature of both marks; nevertheless, as it is a term which either party had a right to use for the purpose of making a compound word or designation, similarity of the marks so made, or the lack of it, must be determined by comparing the designations as entireties.

The idea sought to be conveyed to the mind of the purchaser by the trade-marks of the parties to this proceeding was that the paints of the one glowed in the sun, or like the sun, and that the paints of the other were proof against the sun's rays. While the word "Sun" is common to both marks, the word "Glo" and the word "Proof" distinguish one combination from the other, and give an identifying character to the trade designation, which makes it unlikely that one mark could with the exercise of ordinary care be mistaken for or confused with the other.

[5] "Sun-Glo" is not similar in appearance or in meaning to "Sun-Proof," and the purchaser would be careless to a degree, if he should permit his eyes or his ears to mistake one for the other. "Sun-Glo" has been used by the applicant on its goods ever since June, 1915, and the fact that no evidence of confusion in the trade was introduced or offered is rather convincing that in this case no such confusion existed, and that the ground on which the opposition is based is untenable. See Lapointe Machine Tool Co. v. J. H. Lapointe Co., 115 Me. 472, 99 Atl. 348, 354.

[6] Of course, applicant's mark might be so used with a device or representation of the sun as to amount to unfair competition; but, when that occurs, the appellant may avail himself of a remedy which may prove more effective than opposition to the registration of a trademark which he fears may be misused.

The decision appealed from is affirmed.