## STANDARD OIL CO. v. INDEPENDENT OIL MEN OF AMERICA.

Court of Appeals of District of Columbia.
Submitted January 17, 1929. Decided February 4, 1929.

Petition for Rehearing Denied. February 23, 1929.

No. 2118.

George A. Chritton, and Edward S. Rogers, both of Chicago, Ill., and Thomas L. Mead, Jr., of Washington, D. C., for appellant.

Henry B. Floyd, of Chicago, Ill., and P. M. Floyd and Henry C. Robb, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This is a trade-mark opposition case, in which the appellant, Standard Oil Company, opposes the registration by appellee. Independent Oil Men of America, of a trade-mark for gasoline. The opposition was sustained by the Examiner, who was on appeal reversed by the First Assistant Commissioner, and from the decision this appeal was taken.

The appellee's mark consists of two concentric circles, in the space between which appear the words "Red Hat Gasoline." Within the smaller circle is a representation

of a fanciful hat, similar in appearance to that used by the mythical Uncle Sam. The hat is red in color, with a blue band on it, with white stars. The opposer's mark consists also of two concentric circles, and in the space between the outer and the inner circles are the words "Red Crown Gasoline." Within the inner circle is the representation of the crown of royalty, including the jewels incident to such a crown. The jewels are indicated by lighter colors, and the main body of the crown is red. The common features of the two marks reside in the concentric circles, in which the printing occurs, and in which the words "red" and "gasoline" are common to both, the only distinction being in the words "hat" and "crown." The principal distinction between the two marks is in the design placed within the inner circles. One shows a hat and the other a crown.

The opposition is based upon the likelihood of the two marks creating confusion in trade. There is no direct evidence of confusion, but this is not determinative of the issue of confusion under our decisions. The court will view the marks with reference to the goods to which they are applied, and from its own observation arrive at a conclusion as to the likelihood of confusion. Where, as in this instance, the goods on which the respective marks are used is the same, and though confusion between the representation of the hat and the representation of the crown might not be assumed, in the case of an experienced dealer or purchaser, we are of opinion that, considering the extensive use made of gasoline in modern trade and commerce, and the vast number of purchasers, consisting of all classes of individuals, the marks are deceptively similar, and the Examiner was right in so holding.

This is an other example of the many cases we have had before us where the likelihood of confusion could have been readily avoided, had applicant selected a mark not closely similar to its competitor. As said by Mr. Justice Robb, in Phœnix Paint & Varnish Co. v. John T. Lewis & Brothers Co., 32 App. D. C. 285, "The purpose of the act [15 USCA § 81 et seq.] being to prevent, and not to promote, fraud and mistake, we would not feel inclined, even in a doubtful case, to grant registration to a claimant where it appeared, as here, that, when he adopted the mark, he knew of its prior adoption and use by another firm in connection with goods of the same general character and properties. The opportunity for selection being as limitless as the human imagination, we have reason to question the motive prompting the adoption by one dealer of a mark previously applied by another dealer to like goods."

The rule is the same where the mark, applied to the same goods, is confusingly similar. When one is attempting to imitate the mark of another, he would not commit the blunder of absolutely copying the mark. There are usually points of similarity and dissimilarity employed, in order that the difference may be interposed as an argument that the marks are not deceptively similar; but the issue for the court to determine is whether or not, when an incautious purchaser is confronted by only one of the marks, the similarity will not be such as to cause deception.

We will not stop to indulge in any discussion of the point that color alone is not capable of appropriation as a trade-mark. While "red" is the predominating color in connection with these marks, its use in connection with closely associated features of the marks tends strongly to induce confusion. In determining, however, whether or not the marks are so similar as to be likely to lead to confusion in trade, all the features must be taken into consideration, and, though one of them may be incapable of appropriation as a trade-mark, its use in connection with other features is not for that reason forbidden in establishing a valid mark. The marks here, however, consist of features which, taken together, force the conclusion that they are deceptively similar.

The decision of the Commissioner is reversed.