34

## PURE OIL CO. v. THE PEP BOYS—MANNY, MOE & JACK.

### No. 7973.

United States Court of Appeals for the District of Columbia.

Argued March 13, 1942.

Decided May 19, 1942.

Mr. Gene M. Woodfin, of Houston, Tex., pro hac vice, by special leave of court, for appellant. Mr. Carl T. Mack, of Washington, D. C., was on the brief for appellant.

Mr. Bernard F. Garvey, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and VINSON and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

This is an appeal from a judgment of the District Court which authorized registration of appellee's trademark.[1] The mark consists of appellee's corporate name, "The Pep Boys—Manny, Moe & Jack", in distinctive lettering, together with caricatures of three individuals. It is used in connection with automobile lubricating oils, cup greases and high pressure lubricants. The Patent Office had denied registration, and appellant the Pure Oil Company now opposes it on the ground of confusion[2] with appellant's registered marks, Wocopep for gasoline and Pep for gasoline and fuel oil.

We need not consider appellant's ownership, priority, etc., for we agree with the trial court and the interference examiner that there is no likelihood of confusion. Appellant's marks and appellee's are similar only in that they use the word "Pep." That word is descriptive and therefore not capable of exclusive appropriation.[3] Registration of a descriptive word does not prevent others from using the same word, or from registering a new mark which uses it, if the new mark has additional features which are so distinct that confusion is unlikely.[4] In deciding whether confusion is likely, the entire marks must be compared. Appellee's mark is sharply distinguished from appellant's marks by appellee's peculiar corporate name and by distinctive caricatures.[5] Much

[1] R.S. § 4915; 35 U.S.C.A. § 63.

[2] 15 U.S.C.A. § 85.

[3] Pepsi-Cola Co. v. Krause Bottling Co. et al., 4 Cir., 92 F.2d 272, 273.

[4] Reo Motor Car Co. v. Traffic Motor Truck Corp., 55 App.D.C. 227, 4 F.2d 303; Patton Paint Co. v. Sunset Paint Co., 53 App.D.C. 348, 290 F. 323; Sheffield-King Milling Co. v. Theopold-Reid Co., 50 App.D.C. 200, 269 F. 716. Cf. Standard Oil Co. v. Independent Oil Men of America, 58 App.D.C. 372, 30 F. 2d 996.

[5] Appellee's mark may even be understood as attributing "pep" to the "Boys—

less may suffice to prevent confusion from common use of a descriptive word, even though the word alone is used, as "Pep" is said to be used here, to identify a particular product.[6]

Affirmed.

---

Man.y, Moe & Jack" and not their products. Cf. Patton Paint Co. v. Sunset Pai.t Co., supra.

[6] Cf. McGraw-Hill Pub. Co. v. American Aviation Associates, 73 App.D.C. 131, 134, 117 F.2d 293.