31 C.C.P.A.(Patents)

## BAUSCH & LOMB OPTICAL CO. v. INTERNATIONAL INDUSTRIES, Inc.

### Patent Appeal No. 4887.

Court of Customs and Patent Appeals.
April 27, 1944.

G. A. Ellestad, of Rochester, N. Y. (G. F. Smyth, of Rochester, N. Y., of counsel), for appellant.

Strauch & Hoffman and William A. Strauch, all of Washington, D. C. (James A. Hoffman, of Washington, D. C., of counsel), for appellee.

Before BLAND, Acting Presiding Judge, and HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Acting Presiding Judge.

This is an appeal from the decision of the Commissioner of Patents, 56 U.S.P.Q. 234, reversing that of the Examiner of Interferences in a trade-mark opposition proceeding. It was argued together with 142 F.2d 1019, which is decided concurrently herewith.

The appellee, International Industries, Inc., hereinafter referred to as applicant, applied for the registration of a trademark comprising a triangular figure oriented with base up and apex down and an outline representation of a lens superimposed and extending across the triangu-

lar figure. The appellant, Bausch & Lomb Optical Co., hereinafter referred to as opposer, filed notice of opposition to the said registration, basing its opposition upon prior use of its several registered trademarks Nos. 79,031, 148,789, 230,592, 310,-108, and 385,659, representations of which are hereinafter reproduced together with a reproduction of the drawing of applicant's trade-mark here involved. The marks of both parties are used in connection with various photographic and optical devices.

APPLICANT'S MARK

OPPOSER'S MARKS

No. 79,031          No. 148,789

No. 230,592

No. 310,108          No. 385,659

Neither party took testimony.

The tribunals below regarded opposer's registration No. 230,592 as the most pertinent, and the Examiner of Interferences stated that the marks of both parties "consist of geometrical designs dissociated from any literal notations and in such cases the examiner is of the opinion that consumers are not likely to carry details and minor differences in their minds but rather are more likely to rely on the general appearance thereof." He held that there was a reasonable doubt as to confusion resulting from the concurrent use of the two marks, resolved the doubt against the latecomer (priority of use by opposer being admitted), sustained the opposition, and adjudged that applicant was not entitled to

the registration for which it had made application.

Upon appeal, the commissioner pointed out that the goods of both parties in some instances are identical and in each instance are of the same descriptive properties (this is not disputed). He then stated:

"No confusion has been shown and it seems to me the marks are such that it is largely a matter of personal opinion whether there is or is not reasonable doubt of confusing similarity between the marks.

"The goods are not such as are purchased casually but rather appear to be such as ordinarily would be purchased with discrimination and care. Further, in my view the foreground representation of the lens doublet in applicant's mark is much more prominent than the background of disjointed lines in the arrangement suggestive of a discontinuous triangle. Opposer's mark has nothing approaching in appearance applicant's lens doublet representation. The fact that opposer's mark approaches quite closely the form of a triangle and a suggestion of a triangle is incorporated in applicant's mark does not necessarily render the marks confusingly similar. Lucien Lelong, Inc. v. Elgin American Manufacturing Co., 83 F.2d 690, 23 C.C.P.A., Patents, 1139, 471 O.G. 705 [29 U.S.P.Q. 536]. In that case the two marks were held not confusingly similar although both were of square configuration."

Opposer's reasons of appeal are as follows:

"1. Error in not holding that the trademarks involved are confusingly similar.

"2. Error in not holding that applicant has appropriated, substantially, opposer's entire mark.

"3. Error in not resolving doubts in favor of opposer.

"4. Error in basing decision upon failure to show confusion in trade.

"5. Error in assuming that goods involved are ordinarily purchased with discrimination and care."

The issue that is here controlling of decision relates to the probability (or doubt existing concerning the same) of confusion resulting from the concurrent use of the respective marks on the goods of the respective parties.

■ A showing of actual confusion, if made, is of course an important considera-

tion in deciding an issue like the one at bar, but in order to raise the issue it is not necessary that such actual confusion be shown, Proctor & Gamble Co. v. J. L. Prescott Co., 77 F.2d 98, 102, 22 C.C.P.A., Patents, 1173, 1178, 25 U.S.P.Q. 252, 255, since a resulting confusion will be presumed if the similarity of the marks and identity or similarity of the goods raise a reasonable inference as to likelihood of confusion.

In Kroger Grocery & Baking Co. v. Blue Earth Canning Co., 88 F.2d 725, 726, 24 C.C.P.A., Patents, 1098, 33 U.S.P.Q. 137, we stated:

"We have little sympathy with those who adopt marks having a close resemblance to the trade-marks of others, with which they are familiar, used upon goods of the same descriptive properties, even though they be of the opinion that they are not confusingly similar. One who adopts a valid mark and establishes a large business in which the mark is used should have all doubts resolved in his favor as against newcomers in an opposition proceeding. Proctor & Gamble Co. v. J. L. Prescott Co., 49 F.2d 959, 18 C.C.P.A., Patents, 1433, [9 U.S.P.Q. 454].

"The Commissioner stated that the fact that appellant had produced no evidence of actual confusion between the marks of the parties was persuasive evidence that no confusion exists and that none is likely to occur. It is so well established as to require no citation of authority that an opposer, in order to succeed, is not required to produce evidence of actual confusion. Likelihood of confusion may be determined by consideration of the goods to which the marks are applied and a comparison of the marks involved. Apex Electrical Mfg. Co. v. Landers, Frary & Clark, 41 F.2d 99, 17 C.C.P.A., Patents, 1184 [5 U.S.P.Q. 509]."

■ It is our view that if the marks of the respective parties are used upon goods either identical or of the same descriptive properties, such use will probably lead to confusion. All the marks relied upon by opposer have as their essential feature a triangular representation with truncated corners, the triangle being oriented with the base up and the apex down. Applicant's mark has as its essential feature a complete triangle with the exception of a small omission in the middle of the top or horizontal line. Neither in the application of applicant nor in the registrations

of opposer is color relied upon in any particular. So, as a first consideration, we have applicant substantially appropriating the most essential feature of opposer's marks. It is true that the corners of the triangular figure in opposer's marks are truncated, but in our view this is immaterial. It is well settled that a newcomer may not appropriate as an essential feature of its mark, the essential feature of the mark of another. This would seem to be particularly true in a case like that at bar where it is not disputed that the triangular figure is suggestive of prismatic action, which is characteristic of goods sold by both parties.

■ Applicant stresses the point that "figures and symbols, in common use as descriptive characters, or otherwise, are no more capable of exclusive appropriation than are descriptive words" and cites in support of this statement the case of Mishawaka Rubber & Woolen Manufacturing Co. v. S. S. Kresge Company, 6 Cir., 119 F.2d 316, 49 U.S.P.Q. 419, reversed on the question of damages, 316 U.S. 203, 62 S.Ct. 1022, 86 L.Ed. 1381, 53 U.S.P.Q. 323. In other words, applicant argues that triangles, diamonds, stars, representations of the sun, and like figures in common use are publici juris and may not be exclusively appropriated by any one person. With limitations, this is the well-settled law. See Patton Paint Company v. Sunset Paint Co., 53 App.D.C. 348, 290 F. 323.

■ Waving aside the fact that opposer's marks with truncated corners are not exact triangles, although essentially so, these marks come to us with the presumption of validity, and we must regard them as proper and valid trade-marks. Certainly, the law is well settled that if an applicant appropriates the essential feature of another's registered mark, regardless of whether it is a triangle or any other figure or symbol in common use, it must not be the essential feature of his mark, and he must use such figure or symbol in such a way in connection with other matter as to avoid the likelihood of confusion. This is essentially the holding in the Mishawaka Rubber case, supra, and the Patton Paint Company case, supra. This, we think, the applicant here has not done. Applicant has taken the essential feature of opposer's marks, at least of two of them, and placed across the same the representation of a lens. If a truncated triangle suggests

prismatic action, the suggestion has been emphasized in applicant's mark by the addition of the representation of a lens. So, applicant has not sought to so distinguish its triangle, which it claims is publici juris, as to eliminate the probability of confusion. The adoption of two symbols which are allegedly publici juris could hardly, under the circumstances at bar, be said to be an attempt to avoid confusion.

█ It is probable that some of the goods of the parties are of that character which are bought by discriminating purchasers who make close examination of them before purchasing, but it is a matter of common knowledge that this is not true of all such wares. Some, although not toys, are of cheap price and construction and are purchased with little care as to their particular qualities and characteristics. Even if this were not true, there is no reason to believe that opposer should not have the right, in the natural extension of its business, to use its marks upon goods of the latter kind.

Admittedly, the marks of the parties have elements of dissimilarity, but we conclude that the elements of similarity in the essential feature of the marks are so great that it is probable that confusion, within the prohibition of the trade-mark statute, will result from the concurrent use of the marks.

The decision of the Commissioner of Patents is reversed.

Reversed.

GARRETT, Presiding Judge, did not participate in the consideration or decision of this case.