JULIAN G. HUBBARD
*vs.*
ELTON C. NISBET

Cumberland.    Opinion, September 25, 1963.

*Julian G. Hubbard,* for Plaintiff.

*Bruce W. Chandler,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, SULLIVAN, SIDDALL, MARDEN, JJ. TAPLEY, J., did not sit.

WEBBER, J.    The plaintiff has for some time operated as an independent insurance adjuster under the name and style of "Maine Adjustment Bureau."   His office for this purpose

is located in Portland but he has offered service in other parts of Maine. In 1962 defendant commenced similar operations at Waterville under the name and style of "Maine Adjustment Service." The plaintiff asserts that use of a business name so similar to the one used by him amounts to unfair competition. A single justice below denied injunctive relief and found for the defendant.

The guiding principles are fully set forth in *Lapointe Machine Tool Co.* v. *J. N. Lapointe Co.*, 115 Me. 472. We can do no better than to quote or paraphrase portions of that opinion which are clearly decisive of the instant case. A plaintiff's claim of unfair competition requires "clear and convincing proof." A court which affords equitable relief is reluctant to invade the realm of private enterprise and private rights and will do so only "when the necessity and the justice of such invasion are made clear." Except where monopoly is protected by a patent or copyright, free competition is to be desired and encouraged. At page 478 the court stated: "The underlying element in all (definitions of unfair competition) is that no person shall be permitted to palm off his own goods or products as the goods or products of another. * * * The ground of the action is fraud. The prohibition is confined to cases where the wrongdoer has resorted to some form of deception. The complaining party must prove such circumstances 'as will show wrongful intent in fact, or justify that inference from the inevitable consequences of the act complained of.' *W. R. Lynn Shoe Co.* v. *The Auburn-Lynn Shoe Co.*, 100 Me. 461, 476, quoting the rule adopted by the Supreme Court of the United States in *Elgin Nat. Watch Co.* v. *Illinois Watch Co.*, 179 U. S. 674. * * * The converse is also true. If the defendant, although a sharp and vigorous competitor, so conducts his business as not to palm off his products as those of the plaintiff, the action fails. He has kept within his legal rights." In the instant case the justice below properly

found that the quality of proof failed to meet the high standards imposed in cases of this nature and that there was absent any intent to deceive on the part of the defendant.

Mere similarity in trade names will not afford relief. The court in Lapointe said at page 480: "The gist of the action is not the employment of similar words, but the appropriation of the plaintiff's business"; and again at page 483, "It is the *deceiving* use of the name and not the use itself which compels relief." (Emphasis ours.)

Whether there is likelihood that purchasers may be deceived may depend on the nature of the class of probable purchasers. "The test applied by the courts on the question of similarity is the likelihood of deceiving an *ordinary purchaser who is using ordinary care,* and in applying that test regard must be had to the nature and physical requirements of the article itself, its cost, *the class of persons who purchase it,* and the circumstances under which it is purchased." Page 486. (Emphasis ours.) The court emphasized that the machines in Lapointe were "purchased only by men who are mechanical experts and know precisely what they want and what they are buying. It is a limited and specialized trade. The customers are men with trained mechanical eye and brain who do not purchase a machine of this character and value without careful examination and consideration. * * * The likelihood of palming off the defendant's machines for the plaintiff's, even if the defendant desired to do so, is very remote." So in the instant case both plaintiff and defendant were offering services to insurance companies requiring particular competence and skill. The selection of a claims adjuster by an employing company, as the evidence clearly shows, is not based upon a particular trade name but upon the company's knowledge and appraisal of the skill and capacity of the individual who will actually perform the service. The employing companies

have investigative resources and special knowledge which are not available to the ordinary purchaser of groceries, clothing and the like. So here the likelihood of deception is virtually non-existent. See also *Diamond Drill C. Co.* v. *International Diamond Drill C. Co.* (1919), 106 Wash. 72, 179 P. 120, 122.

There is no showing here that the name "Maine Adjustment Bureau" had acquired any secondary meaning such as would entitle it to protection. The name is not fanciful or distinctive but merely combines the geographical with the generic to describe the location of operations and type of services offered. In any event those desiring the personal services of Mr. Hubbard are not likely to employ Mr. Nisbet or vice versa. See *Truck Ins. Exchange* v. *Truck Ins. Exchange, Etc.* (1940), 165 Ore. 332, 107 P. (2nd) 511, 523.

The court in *Lapointe* deemed the absence of any confusion or deception some evidence that there is no likelihood of confusion or deception. So in the instant case there is no showing that anyone has thus far been confused or misled. See *Patton Paint Co.* v. *Sunset Paint Co.* (1923), 290 F. 323, 326.

We conclude that the findings of fact and conclusions of law reached by the justice below are not clearly erroneous and may not be set aside.

*Appeal denied.*