STATE OF MAINE                                SUPERIOR COURT
                                              CIVIL ACTION
KENNEBEC, ss.                                 DOCKET NO. CV-00-64
                                              JRA - KEN-9/15/2000

NORTHERN OUTDOORS, INC.,

           Plaintiff

      v.                              .    DECISION AND ORDER

KENNEBEC BREWING CO., *et al.*,

           Defendants


This matter is before the court on the parties' cross-motions for judgment on the pleadings. For the reasons articulated herein, both motions are to be granted.

In its amended complaint, Northern Outdoors, Inc. asserts that it owns and operates a brewery in The Forks doing business as Kennebec River Brewery (KRB). It filed an application to register for mark the name "Kennebec River Brewery" in March of 1996. It claims that the defendant Kennebec Brewing Company (KBC) fraudulently obtained registration of its mark "Kennebec Brewing Company" in 1992. Accordingly, it has asked the court to cancel the defendants' registration and award it damages resulting from this alleged fraudulent registration.

The defendants seek judgment in their favor on these pleadings because the phrase "Kennebec River Brewery" could not be properly registered because it is a combination of geographically descriptive and generic terms. For this proposition, they rely on the text of 10 M.R.S.A. § 1522 (1996) which reads in pertinent part as follows:

1.     Registerability. A mark shall not be registered if it:

E.	Consists of a mark which, when applied to the goods or services of the applicant, is merely descriptive or . . ., when applied to the goods or services of the applicant, is primarily geographically descriptive . . .

10 M.R.S.A. § 1522(1)(E) (1996).

KBC argues, and the plaintiff offers no rebuttal, that the name "Kennebec River" is geographical. Indeed, as the official title to one of Maine's major rivers which courses through the middle of the State, the term "Kennebec River" is unmistakably a geographic term for this body of water.

Maine case law supports the defendants' position, and that expressed in the cited statute, that "a geographical name, when used alone and affixed to a manufactured article for the purpose of designating the place of its manufacture . . . cannot be appropriated as a trademark . . ." *W.R. Lynn Shoe Co. v. Auburn-Lynn Shoe Co.*, 100 Me. 461, 466, 62 A. 499, 504 (1905). An exception to this rule, however, exists when a trade name which contains a geographic term has attained a secondary or distinctive meaning. *Id. See also Hubbard v. Nisbet*, 159 Me. 406, 409, 193 A.2d 850 (1963).

By statute as well, a mark containing a geographic term may be registerable if it has "become distinctive of the applicant's goods or services." 10 M.R.S.A. § 1522(1)(E) (1996). However, evidence that a mark has become distinctive in this regard entails "proof of continuous use thereof as a mark by the applicant in this State or elsewhere for the 5 years next preceding the date of the filing of the application for registration." *Id.*

2

Although the plaintiff has taken related steps to convert its motion into a motion for summary judgment, no where in its submission does it argue or present any evidence of any type that "Kennebec River Brewery" has attained a distinctive or secondary meaning for five years preceding the date of its application for the registration for this mark or for any other period of time. While it is true that at oral argument on these motions counsel for the plaintiff claimed that "Kennebec River Brewery" had attained secondary meaning, nothing has been offered to the court to support this bald assertion.[1]

From all this, the conclusion is inescapable that "Kennebec River Brewery" was not registerable as a mark because it is a combination of terms which are merely descriptive of goods and services, namely, a brewery, and is geographically descriptive, to wit, "Kennebec River." 10 M.R.S.A. § 1522(1)(E) (1996). All this being so, the underlying theory of recovery the plaintiff relies on, namely the registration of "Kennebec River Brewery" as a mark so that the defendants may not use a similar name, is not viable because the name it relies on was not registerable as a matter of law.

As noted, the plaintiff has also brought a cross-motion for judgment on the pleadings seeking judgment in its favor on the defendants' complaint. In support of this motion, it asserts that defendant Frank Lever's registration of "Kennebec Brewing Company" was improperly or fraudulently obtained and therefore ought to

---

[1] The plaintiff makes this same representation in a footnote in its motion but similarly offers nothing to support the claim. Plaintiff's Cross-Motion, p. 3, n.3.

3

be canceled. 10 M.R.S.A. § 1527(1)(D)(4) (1996). In partial support of this contention, the plaintiff has submitted a matter outside the pleadings, namely a certificate from the Secretary of State as to the registration of the mark, "Kennebec Brewing Company." Such a submission can serve to convert the plaintiff's pending motion to one for summary judgment. M.R. Civ. P. 12(c). While the defendants offer no objection to this procedural transformation of the plaintiff's motion, it is apparent that the granting of summary judgment on these pleadings would be improper. The evidence outside the pleadings -- the certificate -- merely tells the court that defendant Lever registered "Kennebec Brewing Company" on July 27, 1994, claiming first use of the name on June 7, 1992, and asserting that the company would be producing beer and ale for sale, using the name on labels, packages and company printed material. The plaintiff claims that these assertions were untrue because the defendants have admitted that they did not use this name in trade before 1998. That being so, the plaintiff argues, the registration of KBC was granted improperly because it was based on incorrect information. The defendants' answer, however, only admits that it first used the KBC name on a label for malt beverages some time in August, 1998, but denies that they first used that name in trade in September of 1998. The defendants have also admitted that they did not use the KBC name in 1992 in trade, but assert that they did use that name in 1992 for labels on home-brew beer that was "otherwise distributed." 10 M.R.S.A. § 1521-A (1996). Thus, if the defendants' representations in their pleadings are true, they are at liberty to argue that the use of the Kennebec Brewing Company name on home-brewed beer or on

4

home-brew kits would fit into category 32 for goods and services which include "beer . . . and other preparations for making beverages," 10 M.R.S.A. § 1527(2)(A)(32) (1996), which were otherwise distributed, 10 M.R.S.A. § 1521-A (1996), and are therefore eligible for a mark. *Id.* All this being so, the plaintiff has failed by submitting its one exhibit from the Secretary of State, and by its references to the pleadings, to establish that there is no genuine issue of material fact as to the defendants' registration of "Kennebec Brewing Company" so that it is entitled as a matter of law to judgment in its favor as to the propriety of the registration of that name. This is so because neither the certificate nor the defendants' admissions establish as a matter of law that their 1992 registration of their mark was fraudulently or improperly obtained.

The plaintiff's original motion, however, may be granted, and the defendants have conceded as much, but not on the grounds the plaintiff cites. Instead, as is obvious from this dispute, the defendant has also relied on the combination of a geographic name and one that is merely descriptive. "Kennebec," while not as precise as "Kennebec River," is nevertheless unmistakably geographical -- referring either to the river or to Kennebec County, there being no other use or context for the word "Kennebec" that the court is aware of. "Brewing," like "Brewery," also is merely descriptive of the services of the holder of the mark. All this being so, "Kennebec Brewing Company," like "Kennebec River Brewery," should not have been registered by the Secretary of State. 10 M.R.S.A. §1522(1)(E) (1996). Both parties concede that this result must follow if the court were to determine that Kennebec

5

River Brewery was a name that could not be registered because of its geographic and descriptive terms. Plaintiff's Cross-Motion for Judgment on the Pleadings, p. 3, n.3; Defendants' Reply Memorandum, p. 3.

Because the Secretary of State should not have registered either name, neither party can prevail on its respective claim that it has rights to the name it selected by virtue of the registration of that name. By the same token, neither party can claim any legally cognizable action, at least as thus far pled, on the basis of its opponent's use of a similar name as a mark. That being so, the parties are entitled to have judgment entered for them on their respective motions.

Accordingly, the entries will be:

Defendants' Motion for Judgment on the Pleadings is GRANTED; Judgment to be entered for the Defendants on the Plaintiff's Amended Complaint; Plaintiff's Cross-Motion for Judgment on the Pleadings is GRANTED; Judgment to be entered for the Plaintiff on the Defendants' Counterclaim.

It is further ORDERED that Mark No. 19950017M, "Kennebec Brewing Company," and Mark No. 19960216M, "Kennebec River Brewery" are CANCELED and the clerk is DIRECTED to so notify the Secretary of State forthwith pursuant to 10 M.R.S.A. § 1527(1)(E) by forwarding to him a copy of this Decision and Order.

So ordered.

Dated: September 15, 2000

John R. Atwood
Justice, Superior Court

6

Date Filed __3/29/00__  __Kennebec__  Docket No. __CV00-64__
County

Action __Statutory Actions__

**J. ATWOOD**

**NOV** 1 ...

Northern Outdoor, Inc.  vs.  Kennebec Brewing Company

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Todd S. Holbrook, Esq.<br>100 Middle Street<br>Portland, Maine 04101 | Gordon Scott, Esq.<br>77 Sewall St<br>Augusta Maine 04330 |

| Date of Entry | |
|---|---|
| 3/29/00 | Complaint, filed. s/Holbrook, Esq.<br>Case File Notice mailed to atty<br>Original Summons with return service made upon Kennebec Brewing Company on 3/25/00, filed. |
| 4/14/00 | Answer, filed. s/Scott, Esq. |
| ------- | SCHEUDLING ORDER, Atwood, J.<br>"Scheduling Order filed. Discovery deadline is December 14, 2000."<br>Copies mailed to attys of record. |
| 5/10/00 | Reply to counterclaim filed. s/Holbrook Esq |
| 5/19/00 | Consent motion to amend complaint and to add Frank Lever as a party defendant filed. s/Scott Esq<br>Amended complaint filed. s/Holbrook Esq |
| ------ | CONSENT MOTION TO AMEND COMPLAINT AND TO ADD FRANK LEVER AS A PARTY DEFENDANT, Atwood, J.<br>By consent of the parties, the Amended Complaint is accepted for filing, Frank Lever is added as a party defendant, and the previously filed Answer is deemed and Answer to the Amended Complaint on behalf of both defendants.<br>Copies mailed to attys. of record. |
| 6/7/00 | Motion for Judgment on the Pleadings, filed. s/Scott, Esq.<br>Notice of Motion, filed. s/Scott, Esq.<br>Proposed Order, filed. |
| 6/27/00 | Consented To Motion for Extension of Time, filed. s/Holbrook, Esq. |
| 6/27/00 | CONSENTED TO MOTION FOR EXTENSION OF TIME, Atwood, J.<br>Motion GRANTED.<br>Copies mailed to attys of record. |
| 7/3/00 | Response to defendants motion for judgment on the pleadings, and plaintiffs cross-motion for judgment on the pleadings filed.<br>s/Holbrook Esq<br>Proposed order filed. |

443