PAUL F. BEICH CO. v. KELLOGG TOASTED CORN FLAKES CO.

(Court of Appeals of District of Columbia. Submitted November 14, 1919. Decided January 5, 1920.)

No. 1265.

TRADE-MARKS AND TRADE-NAMES &43—"GOLDEN CRUMBLES," used on candy, NOT INVALIDATED BY PRIOR USE OF "KRUMBLES" ON CEREALS.

The trade-mark "Golden Crumbles," used on candy since 1915, was not invalidated by the opposing party's use of the word "Krumbles" for cereal breakfast foods since 1912, and on candy since 1916, since the essential characteristics of breakfast foods and candy are different, and there was no proof that cereal breakfast food manufacturers usually engaged in producing candy.

Appeal from a Decision by the Commissioner of Patents.

Proceeding in the Patent Office by the Kellogg Toasted Corn Flakes Company to cancel a trade-mark of the Paul F. Beich Company. From a decision sustaining the petition, defendant appeals. Reversed.

Jas. L. Steuart and S. R. Perry, both of New York City, for appellant.

W. H. C. Clarke, of New York City, for appellee.

ROBB, Associate Justice. Appeal from a Patent Office decision sustaining appellee's petition for the cancellation of appellant's trademark "Golden Crumbles," which it had used on candy since February of 1915.

It appears that the words "Golden Crumbles" were suggested by the color of the candy and its tendency easily to crumble. A very considerable business soon was established. Appellee, in 1912, adopted the word "Krumbles" as a trade-mark for a cereal breakfast food. In April of 1916, more than a year subsequent to appellant's adoption of its mark, appellee commenced using its mark on a confection. It contends that this was a legitimate and natural expansion of its business. We do not think so. Quaker Oats Co. v. Mother's Macaroni Co., 41 App. D. C. 254. The acting Examiner of Interferences pertinently observed that there is no "proof to the effect that manufacturers of cereal breakfast foods are in the habit of engaging in the production of candy." Moreover, the general and essential characteristics of breakfast foods and candy are different, and we are of opinion that the use of a mark by a dealer in one leaves its use open to a manufacturer of the other.

The decision is reversed.

Reversed.