## LOUIS MEYERS & SON, Inc., v. O'CALLAGHAN & FEDDEN, Inc.

Court of Appeals of District of Columbia.
Submitted March 16, 1927. Decided
April 4, 1927.

No. 1933.

1. Trade-marks and trade-names and unfair competition ⬤➖20—Use of word "Sun" cannot be exclusively appropriated, thereby preventing another's use in mark sufficiently different to render confusion improbable.

In view of extensive use of the word "Sun" in trade-mark names and devices, no one can exclusively appropriate it, nor prevent another from using it in a mark sufficiently different from prior marks to render confusion improbable.

2. Trade-marks and trade-names and unfair competition ⬤➖43—Opposer's use of rising sun on gloves did not preclude registration of word "Sunlight," superimposed on portion of sun with rays, on hosiery.

Registration of trade-mark consisting of the word "Sunlight," superimposed on a portion of the sun, with rays, for use on hosiery, held not prevented by opposer's use of representation of rising sun in connection with the word "Meyers," or "L. M. & Son," on gloves.

Appeal from Commissioner of Patents.

Proceeding by O'Callaghan & Fedden, Inc., for registration of trade-mark, opposed by Louis Meyers & Son, Inc. From a decree dismissing its opposition, opposer appeals. Affirmed.

Louis Alexander, of New York City, for appellant.

Jas. Atkins, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. This is an appeal from concurrent decisions of the Patent Office tribunals in a trade-mark opposition proceeding, overruling the opposition of Louis Meyers & Son, Inc., appellant here, to the registration by O'Callaghan & Fedden, Inc., the appellee, of the word "Sunlight," superimposed on a portion of the sun, with rays.

[1, 2] Appellant was first to adopt and use the representation of a rising sun upon gloves, but in each instance the mark was used in connection with "Meyers," or "L. M. & Son." Appellee uses its mark in the sale of hosiery. We agree with the Patent Office that the case is ruled by our decision in Patton Paint Co. v. Sunset Paint Co., 53 App. D. C. 348, 290 F. 323, where it was said: "The word 'Sun,' and representations of the sun, have been used so long by business men in the making of trade-mark names and devices that neither one nor the other can be so exclusively appropriated by one manufacturer or tradesman as to wholly deny its use in any manner by others." Appellee therefore has the right to use the word "Sun" and the representation of the sun, providing such use differs sufficiently from prior marks as to render confusion in trade improbable. We think it has met this requirement.

The Patent Office found, and appellee here contends, that hosiery and gloves are goods of different descriptive properties. In view of the finding we have just made, it is unnecessary to determine this question; but see Hanover Star Milling Co. v. Metcalf, 240 U. S. 403, 36 S. Ct. 357, 60 L. Ed. 713; Beich v. Kellogg Co., 49 App. D. C. 186, 262 F. 640; Borden's Condensed Milk Co. v. Eagle Mfg. Co., 47 App. D. C. 191; Beech-Nut Packing Co. v. P. Lorillard Co. (D. C.) 299 F. 834, 846.

The decision is affirmed.

Affirmed.