**PERFECTION CO. et al. v. COE, Commissioner of Patents, et al.**

**Civ. A. No. 19672.**

District Court, District of Columbia.

April 12, 1945.

Philip E. Siggers and Munson H. Lane, both of Washington, D. C., for plaintiff.

W. W. Cochran of Washington, D. C., for Commissioner of Patents.

Lee B. Kemon, of Washington, D. C., for Mil-K-Botl Corporation of America.

HARTIGAN, District Judge.

This is a suit under R.S. § 4915, T. 35 U.S.C.A. § 63, in which the plaintiffs pray that the court adjudge and decree that the Commissioner of Patents of the United States be enjoined and restrained from canceling plaintiffs' Registration 375,708 of the trade-mark "Sun-Tang."

The parties stipulate as follows:

"In the matter of the above-entitled Cancellation Proceedings, it is hereby stipulated and agreed between counsel that the following facts are to be regarded as admitted, and that these admitted facts may be referred to herein with the same force and effect for all purposes and proceedings, original and appellate, as if such facts had been proven by competent proof properly taken herein:

"1. The original Respondent, Grover C. Thomsen, doing business as The Classite Company, under date of August 2, 1939, filed in the United States Patent Office an application for registration of 'Sun-Tang,' which mark was registered February 27, 1940, as No. 375,708.

"2. The Perfection Company, referred to in paragraph 1 of Respondent's Answer, is a corporation duly organized and existing under the laws of the State of Texas, and is doing business at Waco, Texas.

"3. The original Respondent, Grover C. Thomsen, doing business as The Classite Company, has assigned to said The Perfection Company, of Waco, Texas, by a duly executed and recorded assignment, all of his right, title and interest in the mark 'Sun-Tang' and the United States Trade-Mark Registration (No. 375,708, dated February 27, 1940) pertaining thereto, together with the good will of the business in which the 'Sun-Tang' mark was used.

"4. The title to said United States Trade-Mark Registration No. 375,708 is now vested in said The Perfection Company.

"5. The Perfection Company, of Waco, Texas, is entitled to exclusively defend the right to registration involved herein.

"6. The J. F. Lazier Manufacturing Co., Inc., referred to in paragraph 2 of the Petition for Cancellation, under date of December 17, 1929, filed in the United States Patent Office an application for registration of 'Sun Drop,' which mark was registered April 15, 1930, as No. 269,655.

"7. The Mil-K-Botl Corporation of America, the Petitioner in these Cancellation Proceedings, is a corporation duly organized and existing under the laws of the State of Missouri, and is doing business at 3012 Locust Street, St. Louis, Missouri.

"8. The J. F. Lazier Manufacturing Co., Inc., referred to in paragraph 2 of the Petition for Cancellation, has assigned to said The Mil-K-Botl Corporation of America, by a duly executed and recorded assignment, all of its right, title and interest in the mark 'Sun Drop,' and the United States Trade-Mark Registration (No. 269,655, dated April 15, 1930) pertaining thereto, together with the good will of the business in which the 'Sun Drop' mark was used.

"9. The title to said United States Trade-Mark Registration No. 269,655 is now vested in said The Mil-K-Botl Corporation of America."

The above stipulation and the "Sun Drop" registration constituted The Mil-K-Botl Corporation's case in the Patent Office.

The defendants have consented to the granting of The Perfection Company's motion that The Perfection Company, Ltd., a copartnership, be joined as a party plaintiff as The Perfection Company is in the course of transfer to that limited partnership.

Trade-Mark 269,655 is for flavoring extracts and concentrated syrups for making soda water and for other beverages, particularly for orange beverage, in Class 45, Beverages, nonalcoholic. Trade Mark 375,708 is for non-alcoholic maltless beverages and for maltless syrups used in the production thereof, in Class 45, Beverages nonalcoholic.

The plaintiffs admit that the goods named in both registrations are goods of the same descriptive properties.

Sec. 5(b) of the Federal Trade-Mark Act of Feb. 20, 1905, 15 U.S.C.A. § 85(b), provides that no marks shall be registered "* * * which so nearly resemble a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers * * *."

It is under said Sec. 5 that the Commissioner of Patents canceled the plaintiffs' registration of the trade-mark "Sun-Tang."

On December 24, 1941, the Examiner of Interferences stated in his decision "The registration here involved discloses the notation 'Sun-Tang,' of which the descriptive word 'Tang' is disclaimed 'apart from the mark,' for use in connection with 'nonalcoholic maltless beverages and for maltless syrups used in the production thereof.'" He found that the marks "bear such near resemblance as to be reasonably likely to cause confusion if concurrently used in trade upon goods of the kind specified" and recommended that Registration No. 375,708 be canceled.

On November 13, 1942, the first Assistant Commissioner affirmed the decision of the examiner of interferences and stated: "In holding the marks of the parties to be confusingly similar, the examiner of interferences noted that in respondent's registration the descriptive word 'Tang' is disclaimed 'apart from the mark shown on the drawing,' and that this word therefore 'cannot well be here regarded as the dominant feature of that mark,' as contended by respondent. That is true, of course; but it is also true, as respondent now insists, that the disclaimed word may not properly be disregarded in comparing respondent's mark with the mark of petitioner. For this purpose the two marks should be viewed in their entirety. So comparing the marks, however, and considering the character of the goods to which they are respectively applied, and the fact that such goods are in part substantially identical, I find no difficulty in agreeing with the examiner that there is sufficient similarity as to be likely to confuse the public or to deceive purchasers."

The plaintiffs contend that the Commissioner's decision that the Registration 375,708 should be canceled is erroneous in the following two particulars:

"(1) The Commissioner erred in holding there was 'sufficient similarity' between the marks Sun Drop and Sun-Tang as to be likely to confuse the public or to deceive purchasers. The marks are dissimilar except for the word 'Sun,' common to both, but 'Sun' is a weak trade-mark word, used in thousands of marks, and cannot create confusion.

"(2) The Commissioner erred in holding that mere ownership of a registration of Sun Drop by an assignee (Mil-K-Botl) implies use of the mark Sun Drop by Mil-K-Botl. A showing of use by Mil-K-Botl is indispensable to this case, because unless Mil-K-Botl was using Sun Drop at and before it filed petition for cancellation of Sun-Tang, it cannot be injured. Probable injury is the only basis for a cancellation proceeding under Section 13 of the Act of 1905, U.S.C.A., Title 15, Sec. 93, but since Mil-K-Botl relies on the confusion-in-trade clause of Sec. 5(b) of the Act of 1905 it must show use, confusion being impossible between a trademark in use and one not in use."

Neither mark is written or printed in a distinctive manner. Thus the question of confusing similarity between "Sun Drop" and "Sun-Tang" depends merely upon the words themselves.

The plaintiffs contend that the case of Patton Paint Co. v. Sunset Paint Co., 53 App.D.C. 348, 290 F. 323, 324, 325, sustains their contention that the Commissioner erred in holding there was "sufficient similarity" between the marks "Sun Drop" and "Sun-Tang" "as to be likely to confuse the public or to deceive purchasers."

The facts in the Patton Paint Co. case are set forth in the opinion as follows:

"In 1897 the assignor and predecessor in interest of the Patton Paint Company registered as a trade-mark for its paint a serrated representation of the sun, bearing the words 'Patton's Sun-Proof Paints,' the essential parts of which mark were declared to be the arbitrarily selected word 'Sun-Proof' and a conventionalized picture of the sun. In 1915 the company registered in the Patent Office, as a trade-mark for its ready mixed paints and painters' materials, a face in a serrated circle, from the upper and lower part of which comet-like rays or streamers projected.

"The Sunset Paint Company of Los Angeles, on the 27th of January, 1920, applied for registration of the word 'Sun-

Glo,' used by it from 1915 as a trade-mark for its house paints, wall paints, painters' materials, and floor varnishes. To that application the Patton Paint Company presented its opposition, to which answer was made, denying the material allegations thereof, and averring as an affirmative defense that in form, appearance, and meaning the trade-mark name 'Sun-Glo' so differed from that of the opposer as not to mislead or confuse the ordinary purchaser. Testimony was taken by deposition and submitted to the Examiner of Interferences on the issue joined.

"The Examiner of Interferences held that the applicant, the Sunset Paint Company, was not entitled to registration. On appeal that decision was reversed by the First Assistant Commissioner of Patents, and the opposition of the Patton Paint Company was dismissed. From the decision of the Assistant Commissioner, an appeal was taken by the Patton Paint Company to this court, and in support of that appeal it is contended that the word 'Sun' is a very important feature of the applicant's trade-mark name and that, while the word 'Glo' is not similar to the word 'Proof' in appellant's trade-name, there is such similarity in appearance and sound between 'Sun-Proof' and 'Sun-Glo' that it would cause goods marked 'Sun-Glo' to be mistaken for those of appellant.

"We cannot agree with that contention. The purpose of a trade-mark is to indicate, either by itself or by association, the origin or ownership of the merchandise to which it is attached, and any one may attach to his wares or merchandise any symbol of device, not previously appropriated, which will distinguish his product or goods from those of the same general nature manufactured or sold by others. Galena-Signal Oil Co. v. W. P. Fuller & Co., C.C., 142 F. 1002, 1007; Columbia Mill Co. v. Alcorn, 150 U.S. 460, 463, 14 S.Ct. 151, 37 L.Ed. 1144; Manufacturing Co. v. Trainer, 101 U.S. 51, 53, 25 L.Ed. 993. Whether the trade-mark of the applicant distinguishes its goods from those of the opposer, carrying the mark 'Sun-Proof,' is therefore the vital question in the case.

"The word 'Sun,' and representations of the sun, have been used so long by business men in the making of trade-mark names and devices, that neither one nor the other can be so exclusively appropriated by one manufacturer or tradesman as to wholly deny its use in any manner by others.

"The display of the word 'Sun,' and a representation of the sun, may be so distinctive and so unique as to warrant their appropriation; but that appropriation by itself does not exclude others from the use of a different, distinctive display of the word 'Sun,' or of a distinctively different representation of the sun.

"The word 'Sun' is a feature of both marks; nevertheless, as it is a term which either party had a right to use for the purpose of making a compound word or designation, similarity of the marks so made, or the lack of it, must be determined by comparing the designations as entireties.

"The idea sought to be conveyed to the mind of the purchaser by the trade marks of the parties to this proceeding was that the paints of the one glowed in the sun, or like the sun, and that the paints of the other were proof against the sun's rays. While the word 'Sun' is common to both marks, the word 'Glo' and the word 'Proof' distinguish one combination from the other, and give an identifying character to the trade designation, which makes it unlikely that one mark could with the exercise of ordinary care be mistaken for or confused with the other.

" 'Sun-Glo' is not similar in appearance or in meaning to 'Sun-Proof,' and the purchaser would be careless to a degree, if he should permit his eyes or his ears to mistake one for the other. 'Sun-Glo' has been used by the applicant on its goods ever since June, 1915, and the fact that no evidence of confusion in the trade was introduced or offered is rather convincing that in this case no such confusion existed, and that the ground on which the opposition is based is untenable. See Lapointe Machine Tool Co. v. J. H. Lapointe Co., 115 Me. 472, 99 A. 348, 354."

There is a striking analogy between the Patton Paint Co. case and the instant case. Thus in both cases the sole similarity between the marks in question was the commonly used word "Sun" which the Patton Paint Co. sought to monopolize just as does The Mil-K-Botl Corporation.

The words "Drop" and "Tang" if taken alone are plainly dissimilar. The only similarity which exists between the two trade-marks is the word "Sun" which is common to both.

946

The doctrine of law in Patton Paint Co. v. Sunset Paint Co., supra, has been followed with approval in the following cases: Loughran v. Quaker City Chocolate & Confectionery Co., 3 Cir., 296 F. 822 ("Quaker Maid" and "Quaker City"); Reo Motor Car Co. v. Traffic Motor Truck Corporation, 55 App.D.C. 227, 4 F.2d 303 ("Speedboy" and "Speed Wagon"); Ansco Photoproducts, Inc. v. Eastman Kodak Co., 57 App.D.C. 246, 19 F.2d 720 ("Speedex" and "Speedway"); Louis Meyers & Son, Inc. v. O'Callaghan & Fedden, Inc., 57 App.D.C. 181, 18 F.2d 831; Winget Kickernick Co. v. LaMode Garment Co., D.C., 42 F.2d 513; Pure Oil Co. v. The Pep Boys—Manny, Moe & Jack, 76 U.S.App. D.C. 19, 128 F.2d 34; California Packing Corp. v. Sun-Maid Raisin Growers, D.C., 7 F.Supp. 497.

 Applying the rule of law as stated in the Patton Paint Co. case to the facts in the instant case, it is my opinion that the trade-marks "Sun Drop" and "Sun-Tang" do not so nearly resemble each other "as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers."

The plaintiffs' prayer that the Commissioner of Patents be enjoined and restrained from canceling their Registration 375,708 of the trade-mark "Sun-Tang" is, therefore, granted.

In view of this opinion it becomes unnecessary to rule on the plaintiffs' second contention.

Judgment may be entered in accordance with this opinion.