229 F.2d 154
 ROBERT C. WIAN ENTERPRISES, Inc., a Corporation, Appellant,
v.
L. O. PERSINGER and Merle Persinger, Individually and as Partners, Doing Business as Big Boy Manufacturing Company, Appellees.
 No. 14723.
 United States Court of Appeals Ninth Circuit.
 December 13, 1955.
 
 Gray, Binkley & Pfaelzer, William P. Gray, Martin J. Schnitzer, Los Angeles, Cal., for appellant.
 Albert Lee Stephens, Jr., George B. T. Sturr, Los Angeles, Cal., for appellees.
 Before HEALY, BONE, and CHAMBERS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Wian Enterprises, plaintiff and appellant, operates principally in Southern California a drive-in restaurant business, the fulcrum of which seems to be a double-decked hamburger served under the name of "Big Boy." His advertising on the premises and in the media focuses on a fat infant, hamburger in hand. Defendants and appellees are in a different business: the manufacture of outdoor barbecue equipment. After plaintiff established its use of the name of "Big Boy" and the "Home of Big Boy" defendants became the Big Boy Manufacturing Company in Southern California and the "Home of Big Boy Manufacturing Company."
 
 
 2
 Plaintiff's amended complaint pleads two claims of trade-mark infringement and one of unfair competition. The complaint exhaustively pleads with exhibits the evidence of what defendants have done, but states short conclusions as to the effect of defendants' acts. The district court granted defendants' motions to dismiss.
 
 
 3
 On appeal a close question exists as to whether plaintiff has pleaded enough for any valid claim. Tentatively plaintiff's mark does not look like what is usually denominated in this class of litigation as a "strong" one. There seems to be little likelihood of confusion of identity of products, but upon a trial there may be some proof of confusion of source that entitles plaintiff to some relief. It may develop on the trial that plaintiff is entitled to no relief, some slight relief or even substantial relief. On that, this court expresses no opinion. At least, this court thinks the plaintiff, as a minimum, has succeeded in stating claims, and is entitled to a trial, costly though it may be to both parties.
 
 
 4
 This is not a patent case and it was not decided on motions for summary judgment, but the underlying principle of Hycon Mfg. Co. v. H. Koch & Sons, 9 Cir., 219 F.2d 353, appears to be applicable here.
 
 
 5
 Judgment reversed.