SAFEWAY STORES, Incorporated,
Plaintiff,

v.

SAFEWAY FURNITURE CO., Inc., a corporation; Safeway Furniture Co., a co-partnership; Morris Rudner; Gerald Rudner; Rose Rudner, etc., et al., Defendants.

No. 17553.

United States District Court
S. D. California,
Central Division.

June 18, 1956.

ceries, meats, vegetables, incidental notions, kitchen hardware, et cetera. Plaintiff and plaintiff's predecessors since 1925 have been using the name "Safeway", and the name "Safeway" has attained a secondary meaning in the Southern California area as indicating a retail food and grocery store, operated by plaintiff organization. There is no question that in the minds of thousands of residents of Southern California the word "Safeway" means the Safeway retail grocery and food stores operated by plaintiff.

Sometime prior to 1952 there had been organized and operated in Van Nuys, California, a small furniture store which was and is now known as Safeway Furniture Co., Inc. In April, 1952, defendant Morris Rudner purchased an interest in the Safeway Furniture Co., Inc., and one year later he bought out his co-owners, so that after April 1, 1953, he owned the Safeway Furniture Co., Inc., in Van Nuys in its entirety. Since that date he has conducted the business under the name of Safeway Furniture Co., Inc. He did not attempt to change the name, inasmuch as it would entail considerable expense to change the name, signs, stationery, et cetera, in connection therewith.

This action was filed on December 1, 1954. Plaintiff alleges unfair competition in the use of the name "Safeway." After an extensive hearing in this matter the Court will find the word "Safeway" has a secondary meaning in Southern California, including the Van Nuys area, but there is no evidence of any kind that defendant has attempted to trade upon the reputation and name of plaintiff.

The Court will also find there is no competition between the Safeway food markets and the Safeway furniture store. Although "Safeway" has a secondary meaning in Southern California and although Van Nuys is a city within the area, nevertheless, the Safeway organization of retail food and grocery stores does not have a Safeway store within the city limits of Van Nuys, the

Gibson, Dunn & Crutcher, Los Angeles, Cal., for plaintiff.

William B. Magid, Hollywood, Cal., for defendant.

WESTOVER, District Judge.

This is an action for unfair competition. Plaintiff is the owner and operator of a large chain of retail food and grocery stores. The stores sell gro-

nearest being approximately two miles distant from the defendant's store. However, under present modern transportation facilities no doubt many persons living in Van Nuys patronize a Safeway food and grocery market outside the city limits. There is no evidence in this case that there has been any confusion between the two stores, as no one testified they went into defendant's store thinking it was plaintiff's, or vice versa; and there has been no evidence that defendant at any time attempted to "palm off" any of his merchandise as being that of plaintiff.

It was plaintiff's original contention that it had the exclusive right to the use of the name "Safeway." Inasmuch as there was no evidence of competition or confusion between plaintiff and defendant the Court asked for memoranda of points and authorities relative to the right to restrain the use of the name in a non-competitive business. In its brief plaintiff now contends it can prevent any other retail establishment from using the word "Safeway", even though such establishment is not in direct competition with plaintiff.

The problem thus presented to the Court is rather simple—Can the plaintiff monopolize the word "Safeway" in relation to retail trade in Southern California in the absence of competition?

Plaintiff has cited a number of authorities to the Court, among which is the case of Phillips v. Governor & Co., etc., 9 Cir., 79 F.2d 971 at page 974, in which the Court says:

"* * * defendant contends that there is no 'competition' between them, and therefore there can be no 'unfair competition.' This court, however, has carefully considered the question in Del Monte Special Food Co. v. California Packing Corporation, 9 Cir., 34 F.2d 774, and has held that the two products need not be competitive * * *."

Plaintiff herein also relies upon a recent case of the Ninth Circuit, North American Air Coach Systems, Inc., v. North American Aviation, Inc., 231 F.2d 205. In that case the plaintiff claimed it had the sole and exclusive right to use the name "North American" in connection with airplanes and aviation. The Ninth Circuit points out that in the North American case there was overwhelming proof of confusion of source. Instances of actual confusion in the minds of the public were stacked high in the record. The trial court had also found the acts of defendant were designed, intended and calculated to cause confusion and had already misled numerous members of the general public.

In the case at bar the Court expressly finds there has been no confusion in the minds of the public between plaintiff's food and grocery stores and defendant's furniture store, and there is no evidence that anyone has been misled because of similarity of the two names.

In the North American case, supra, the Ninth Circuit holds that plaintiff was entitled to the exclusive use of the term "North American" in the aviation industry. It certainly does not extend the exclusive use beyond the aviation industry. A casual examination of the Central Directory of the Los Angeles Telephone Exchange for June, 1956, indicates there are companies known as North American Accident Insurance Co. of Chicago, North American Car Corporation, North American Church Tenrikyo, North American Film Corporation, North American Industrial Engineers, Inc., et cetera. In fact, this directory gives the names of twenty-two companies using the words "North American" in their names. We cannot find in reading the North American Air Coach Systems, Inc., case, supra, that the Court held plaintiff therein was entitled to the exclusive use of the name outside the aviation industry.

In the case at bar the Court is of the opinion plaintiff is entitled to protection of its name "Safeway" within the retail food and grocery industry in Southern California. The only question is whether defendant Safeway Furniture Co., Inc., comes within the area of protection. Although plaintiff and its pred-

ecessors have been using the name "Safeway" since 1925, nevertheless, over the years the name has been used many, many times in other businesses. In 1925 there was a "Safeway Cleaners and Dyers"; in 1926 a "Safeway Auto Finance Co." and a "Safeway Loan Company." Since 1925 there have been approximately ninety-six listings with the County Clerk of Los Angeles County of fictitious or corporate names in which the name "Safeway" appears. An examination of the June, 1956 Central Directory of the Los Angeles Telephone Exchange indicates twenty firms now using the word "Safeway" in their titles.

Plaintiff contends there does not have to be competition between the parties. However, this Court is of the opinion that the statement made by the Ninth Circuit in the Phillips case, supra, has been modified by later decisions of that court. In Robert C. Wian Enterprises, Inc., v. Persinger, 229 F.2d 154 (in which this Court dismissed the complaint on the ground that it appeared from the records and files there was no competition between the parties), the Circuit reversed, stating:

> "* * * There seems to be little likelihood of confusion of identity of products, but upon a trial there may be some proof of confusion of source that entitles plaintiff to some relief * * *."

In Fairway Foods v. Fairway Markets, 118 F.Supp. 840, a case tried by this Court, the judgment was sustained by the Circuit—227 F.2d 193—which said, at page 196:

> "The evidence without conflict supports the trial court's finding that there has been no confusion and that there is no likelihood of confusion because of the use by both parties of the word 'Fairway'. * * * Perhaps the most important element of unfair trade is that there be competition in the sale of like merchandise and that there is, or is likelihood of, confusion as to which

competitive article is being purchased * * *."

In the case at bar the Court is of the opinion there is no competition between the parties hereto of like merchandise; there has been no confusion between the parties' products, and there is little likelihood of confusion so long as plaintiff continues to operate retail food and grocery markets and defendant continues to operate a retail furniture store. We cannot agree with plaintiff that it is entitled to protection of the word "Safeway" in the entire retail business in Southern California. Its protection must be limited to the retail trade definitely connected and associated with sale of commodities usually found in a retail grocery and food store.

Judgment is ordered in favor of defendant herein, who is required to prepare findings of fact, conclusions of law and judgment in conformity herewith for presentation to the Court on or before June 29, 1956.