SAFEWAY STORES, Incorporated,
Appellant,

v.

Morris RUDNER, Appellee.

No. 15294.

United States Court of Appeals
Ninth Circuit.

June 25, 1957.

---

Gibson, Dunn & Crutcher, Norman S. Sterry, Henry F. Prince, Frederick H. Sturdy, Ira C. Powers, and James R. Hutter, Los Angeles, Cal., for appellant.

William B. Magid, Hollywood, Cal., for appellee.

Before MATHEWS, CHAMBERS and BARNES, Circuit Judges.

MATHEWS, Circuit Judge.

On December 1, 1954, in the United States District Court for the Southern District of California, Central Division, appellant, Safeway Stores, Incorporated, a Maryland corporation, brought an action against nine defendants—a California corporation and eight individual citizens of California, one of whom was appellee, Morris Rudner. Thereby appellant sought to enjoin appellee and his codefendants from using the trade name "Safeway." Appellee and three of his codefendants answered on December 23, 1954. The others did not answer. A trial was had on May 24 and 25, 1956. On June 6, 1956, on motion of appellant, the action was dismissed as to appellee's codefendants, without prejudice. Thereafter appellee was the only defendant in the action. The District Court, on June 18, 1956, filed an opinion[1] and, on July 24, 1956, stated its findings and conclusions and entered a judgment ordering, adjudging and decreeing that appellant "take nothing by its complaint, or at all." Appellant has appealed from the judgment.

The record discloses the following facts:

Sam Seelig Company, a California corporation, was organized on August 14, 1914. It adopted the trade name "Safeway" in 1925. Its own name was changed to Safeway Stores, Incorporated, in 1925 and to Safeway Stores, Inc., in 1934. It is hereafter called California Safeway Stores. From 1925 to December 31,

---

1. Safeway Stores v. Safeway Furniture Co., D.C.S.D.Cal., 153 F.Supp. 765.

1942, California Safeway Stores was engaged in the business of operating retail stores in California and in that business used the trade name "Safeway." So far as the record shows, California Safeway Stores was the first adopter and user, and hence the original owner, of the trade name "Safeway."[2]

Skaggs-Safeway Stores, a Nevada corporation, was organized on August 4, 1926, and, at the time of its organization, adopted the trade name "Safeway." Its own name was changed to Safeway Stores, Incorporated, in 1928 and to Safeway Stores, Inc., in 1941. It is hereafter called Nevada Safeway Stores. From 1934 to December 31, 1942, Nevada Safeway Stores was engaged in the business of operating retail stores in California and in that business used the trade name "Safeway."

Appellant was organized on March 24, 1926, and, at the time of its organization, adopted the trade name "Safeway." From August 4, 1926, to December 31, 1942, California Safeway Stores and Nevada Safeway Stores were wholly owned subsidiaries of appellant. On December 31, 1942, California Safeway Stores and Nevada Safeway Stores transferred to appellant their assets and businesses, including good will and all of their right, title and interest in and to the trade name "Safeway."[3] Thereupon, on or as of December 31, 1942, California Safeway Stores and Nevada Safeway Stores were dissolved. At all times thereafter, appellant was engaged in the business of operating retail stores in California and in that business used the trade name "Safeway." Many of appellant's retail stores were in Los Angeles County, California.

Large sums of money were spent by appellant's predecessors (California Safeway Stores and Nevada Safeway Stores) in and before 1942 and by appellant in and after 1943 in advertising their retail stores, their businesses and the trade name "Safeway." As a result, the word "Safeway"—a combination of the words "safe" and "way"— acquired a secondary meaning, so that, in Los Angeles County and elsewhere, on June 22, 1950,[4] and at all times thereafter, the word "Safeway" meant and referred to, and was generally understood by the public to mean and refer to, appellant's retail stores and appellant's business of operating retail stores. On June 22, 1950, and at all times thereafter, the trade name "Safeway" had a value greatly in excess of $3,000.

From June 22, 1950, to April 3, 1952, Frank Kiefer and Sam Simms, calling themselves Safeway Furniture Co., were engaged in the business of operating a retail store at Van Nuys in Los Angeles County and in that business used the trade name "Safeway." On April 3, 1952, appellee acquired an interest in the Van Nuys store. Thereafter, until some time in 1953, Kiefer, Simms and appellee, calling themselves Safeway Furniture Co., were engaged in the business of operating the Van Nuys store and in that business used the trade name "Safeway." In 1953, appellee acquired the interests of Kiefer and Simms in the Van Nuys store. At all times there-

2. Sections 14400–14402 of the California Business and Professions Code provides:
   "§ 14400. Ownership. Any person who has first adopted and used a trade name, whether within or beyond the limits of this State, is its original owner.
   "§ 14401. Transferability. Protection accorded. Any trade name may be transferred in the same manner as personal property in connection with the good will of the business in which it is used or the part thereof to which it is appurtenant, and the owner is entitled to the same protection by suits at law or in equity.

"§ 14402. Remedy for violation of rights. Any court of competent jurisdiction may restrain, by injunction, any use of trade names in violation of the rights defined in this chapter."
   The chapter referred to includes §§ 14400–14405 of the California Business and Professions Code.

3. See § 14401 of the California Business and Professions Code, supra.

4. The date on which appellee's predecessors (Kiefer and Simms) began using the trade name "Safeway."

after, appellee, calling himself Safeway Furniture Co., was engaged in the business of operating the Van Nuys store and in that business used the trade name "Safeway."

The trade name "Safeway" was not used by appellee or appellee's predecessors (Keith and Simms) or either of them until long after its adoption and use by appellant and appellant's predecessors. On April 3, 1952, and at all times thereafter, appellee knew that the trade name "Safeway" was appellant's trade name.

Appellant contended that appellee's use of the trade name "Safeway" constituted unfair competition and should be enjoined.[5] Appellee contended that he and appellant were not competitors, and that therefore his use of the trade name "Safeway" did not constitute unfair competition and should not be enjoined. The District Court agreed with appellee. We agree with appellant.

As indicated above, appellant and appellee were operators of retail stores in Los Angeles County. As such, they were competitors. It is true that the goods they sold were not identical. In Los Angeles County, appellant sold groceries, meats, fruits, vegetables, other food products, kitchenware and household articles such as mops, brooms, floor wax and furniture polish. Appellee did not. Appellee sold furniture. Appellant did not sell furniture in Los Angeles County.[6] Thus, in Los Angeles County, appellant's goods and appellee's goods were not directly competitive. However, that fact did not justify appellee's use of the trade name "Safeway" or warrant the denial of relief to appellant;[7] nor does the record disclose any fact or facts justifying such use or warranting such denial.

The record does show that, in Los Angeles County, names containing the word "Safeway" have been used, not only by appellant, appellant's predecessors, appellee and appellee's predecessors, but by many others. This, however, is immaterial.[8] The record does not show that the trade name "Safeway" was used, in Los Angeles County or elsewhere, prior to its adoption and use by appellant and appellant's predecessors.

It is said that, although appellee used the trade name "Safeway," he did not use it for any fraudulent or illegal purpose or with any wrongful intent. This, however, is immaterial, if true.[9] Whether it is true or untrue need not be decided.

It is likewise immaterial, if true, that, up to the time of the trial, appellant had suffered no actual loss or damage as a result of appellee's use of the trade name "Safeway";[10] for this was not an action for damages.

5. See §§ 14401 and 14402 of the California Business and Professions Code, supra.

6. Appellant sold furniture in some of its stores in States other than California.

7. Del Monte Special Food Co. v. California Packing Corp., 9 Cir., 34 F.2d 774; Horlick's Malted Milk Corp. v. Horluck's, 9 Cir., 59 F.2d 13; Phillips v. Governor and Company of Adventurers of England Trading into Hudson's Bay, 9 Cir., 79 F.2d 971; Stork Restaurant v. Sahati, 9 Cir., 166 F.2d 348; Safeway Stores v. Dunnell, 9 Cir., 172 F.2d 649; Sunbeam Furniture Corp. v. Sunbeam Corp., 9 Cir., 191 F.2d 141; North American Aircoach System v. North American Aviation, 9 Cir., 231 F.2d 205; Academy of Motion Picture Arts and Sciences v. Benson, 15 Cal.2d 685, 104 P.2d 650; Winfield v. Charles, 77 Cal.App.2d 64, 175 P.2d 69; Jackman v. Mau, 78 Cal.App.2d 234, 177 P.2d 599; MacSweeney Enterprises v. Tarantino, 106 Cal.App.2d 504, 235 P.2d 266.

8. Del Monte Special Food Co. v. California Packing Corp., supra; Stork Restaurant v. Sahati, supra; Safeway Stores v. Dunnell, supra.

9. Stork Restaurant v. Sahati, supra; Lane Bryant v. Maternity Lane, 9 Cir., 173 F.2d 559; National Van Lines v. Dean, 9 Cir., 237 F.2d 688.

10. Horlick's Malted Milk Corp. v. Horluck's, supra; Stork Restaurant v. Sahati, supra; Lane Bryant v. Maternity Lane, supra; Mershon Co. v. Pachmayr, 9 Cir., 220 F.2d 879; National Van Lines

■ The evidence showed that, when the action was brought and at all times thereafter, there was a likelihood—a probability, if not a certainty—that, unless enjoined, appellee's use of the trade name "Safeway" would greatly and irreparably damage appellant. That showing was sufficient to entitle appellant to injunctive relief.[11]

Judgment reversed and case remanded with directions to enter a judgment granting appellant injunctive relief against appellee, as prayed in the complaint, and awarding appellant its costs.

v. Dean, supra; Academy of Motion Picture Arts and Sciences v. Benson, supra; Sun-Maid Raisin Growers of California v. Mosesian. 84 Cal.App. 485, 258 P. 630; Winfield v. Charles, supra; MacSweeney Enterprises v. Tarantino, supra.

11. See cases cited in footnotes 7–10.