[Civ. No. 21450.   First Dist., Div. Three.   April 16, 1964.]

DINO, INC., Plaintiff and Appellant, v. BORETA ENTERPRISES, INC., Defendant and Respondent.

Ben K. Lerer, Allan R. Moltzen and Lerer & Moltzen for Plaintiff and Appellant.

Morgan & Moscone and George R. Moscone for Defendant and Respondent.

SALSMAN, J.—Appellant filed a complaint against respondent seeking an injunction and damages for alleged unfair competition. Respondent's general demurrer to the complaint was sustained without leave to amend and appellant appeals from the judgment thereafter entered.

These allegations appear in the complaint: "V. Ever since on or about June 19, 1962, plaintiff has been and now is engaged in the business of putting on stage productions and serving refreshments under the name 'ON BROADWAY' at 435 Broadway, San Francisco, California. VI. The name 'ON BROADWAY' has acquired a secondary meaning in the entertainment field through its continuous use by plaintiff. VII. On or about October 15, 1962, defendants began to operate a similar business under the name 'OFF BROADWAY' at 1024 Kearny Street, San Francisco, California, which address is in the same city block as plaintiff's said place of business... X. In choosing the name 'OFF BROADWAY' and said location defendants intended to and did deceive the prospective customers of plaintiff and the general public. Such action has actually misled, and still misleads many customers into patronizing defendants' said establishment in the belief that they are patronizing plaintiff, to the detriment and damage of plaintiff's profit and business. XI. Defendants threaten to and will continue to use the name 'OFF BROADWAY' unless restrained from so doing by this Court, and defendants will proceed to carry on a business under said name with the express purpose of deceiving plaintiff's customers and the public in general into believing that defendants' said business is plaintiff's said business. XII. The actions of defendants above pleaded were wrongful and are calculated to unfairly compete with plaintiff and to injure plaintiff's business, and such actions have resulted, and if allowed to continue, will continue to result, in irreparable harm and injury to plaintiff's business and business profits; and plaintiff has no adequate legal remedy."

The complaint states a cause of action for unfair competition. That cause of action is codified in Civil Code section 3369. Subdivisions 2 and 3 of that section read: "2. Any person performing or proposing to perform an act of unfair competition within this State may be enjoined in any court of competent jurisdiction. 3. As used in this section, unfair competition shall mean and include unlawful, unfair or fraudulent business practice. ..." To state a cause of action for unfair competition here, appellant need only allege

that its name has acquired a secondary meaning; that respondent's name, later adopted and used, has deceived or is likely to deceive or confuse the public, and that appellant has been or is likely to be damaged by respondent's conduct. (*Academy of Motion Picture Arts & Sciences* v. *Benson*, 15 Cal.2d 685 [104 P.2d 650]; *Family Record Plan, Inc.* v. *Mitchell*, 172 Cal.App.2d 235 [342 P.2d 10].) ▇ Appellant's complaint clearly makes such allegations, because appellant has plainly stated that its name has acquired a secondary meaning in the entertainment field, and that respondent's use of a similar name has actually misled the public into patronizing respondent's place of business in the belief they were patronizing appellant's place of business. These allegations raise issues of fact. Whether appellant's name has in fact achieved the status of secondary meaning can only be determined after an inquiry into the facts. It cannot be determined at the demurrer stage of the proceedings.

Respondent argues, however, that use of a common trade name that does not deceive the average person may not be enjoined and cites *Fidelity Appraisal Co.* v. *Federal Appraisal Co.*, 217 Cal. 307 [18 P.2d 950]; *Sunlite Bakery* v. *Homekraft Baking Co.*, 119 Cal.App.2d 148 [259 P.2d 711] and *Beverly Hills Hotel Corp.* v. *Hilton Hotels Corp.* 134 Cal.App.2d 345 [285 P.2d 1012]. In the cited cases, however, the court entered its judgment only after trial on the merits, and the judgment in each case was based upon the facts found by the court. ▇ Here the court had before it only the complaint and demurrer. The demurrer of course admitted all facts well pleaded and it must necessarily follow that if appellant properly pleaded that its name had achieved a secondary meaning, the demurrer should have been overruled.

This brings us to the principal question involved in the appeal, namely, has appellant properly pleaded that its name has acquired a secondary meaning? The complaint merely states that ''The name 'ON BROADWAY' has acquired a secondary meaning in the entertainment field through its continuous use by plaintiff.'' ▇ While respondent's demurrer admits all facts well pleaded, however improbable the allegations may be (*Woodroof* v. *Howes*, 88 Cal. 184, 189 [26 P. 111]), matters improperly pleaded such as conclusions of law are not admitted by the demurrer. (*Faulkner* v. *California Toll Bridge Authority*, 40 Cal.2d 317, 329 [253 P.2d 659]; 2 Witkin, Cal. Procedure, p. 1471.) Thus there is some

merit in respondent's charge that the complaint pleads only legal conclusions and is therefore insufficient. It is, of course, the rule that ultimate facts must be pleaded, rather than legal conclusions, yet the distinction between ultimate facts and conclusions of law is not always clear or easy to state. In *Burks* v. *Poppy Construction Co.*, 57 Cal.2d 463, 473-474 [20 Cal.Rptr. 609, 370 P.2d 313], the court said: "The distinction between conclusions of law and ultimate facts is not at all clear and involves at most a matter of degree. (*Estate of Bixler*, 194 Cal. 585, 589 [229 P. 704]; see Clark on Code Pleading (2d ed. 1947) 231; Chadbourne, Grossman, Van Alstyne, Cal. Pleading (1961) 812 et seq.; 2 Witkin, Cal. Procedure (1954) 1140.) For example, the courts have permitted allegations which obviously included conclusions of law and have termed them 'ultimate facts' or 'conclusions of fact.' (See *Peninsula etc. Co.* v. *County of Santa Cruz*, 34 Cal.2d 626, 629 [213 P.2d 489] [one is the 'owner' of property]; *Rannard* v. *Lockheed Aircraft Corp.*, 26 Cal.2d 149, 154 [157 P.2d 1] [act was 'negligently' done]; *May* v. *Farrell*, 94 Cal.App. 703, 707 [271 P. 789] [employee was 'acting within the scope of his employment'].) In permitting allegations to be made in general terms the courts have said that the particularity of pleading required depends upon the extent to which the defendant in fairness needs detailed information that can be conveniently provided by the plaintiff, and that less particularity is required where the defendant may be assumed to possess knowledge of the facts at least equal, if not superior, to that possessed by the plaintiff. . . ."

Here appellant has merely stated that its name has acquired a secondary meaning which is obviously a conclusion of law. Nevertheless, other allegations of the complaint make clear the length of time appellant has used its name, the manner and method of its use, and allege that both appellant and respondent operate the same general type of business establishment, in close proximity to each other. Under these allegations we think the pleading adequately gives notice to respondent that the public has come to associate appellant's name with the kind of business enterprise conducted by both parties, namely stage productions and entertainment in conjunction with the serving of refreshments, and that respondent's use of a similar name confuses and misleads the public to appellant's damage.

Finally, respondent contends that no secondary meaning could possibly attach to appellant's name because the complaint shows on its face that appellant's name was in use less

than four months before respondent opened its business. Here respondent relies heavily upon *Beverly Hills Hotel Corp.* v. *Hilton Hotels Corp., supra,* where use of a name for more than 40 years did not establish any secondary meaning. We think *Beverly Hills Hotel Corp.* v. *Hilton Hotels Corp., supra,* is not helpful to appellant and that it is readily distinguishable from the case we now consider. In *Beverly Hills Hotel Corp.* v. *Hilton Hotels Corp., supra,* it appears that two hotels had used the same or similar names for at least 27 years, and the general confusion caused by the long continued use of similar names prevented the plaintiff in that case from achieving a secondary meaning for its name. On the other hand, in *Family Record Plan, Inc.* v. *Mitchell, supra,* secondary meaning attached to a name in less than five months' time. ▮ These cases clearly demonstrate that the length of time a name has been used by a party is only one factor to be considered in determining whether secondary meaning has attached to a name and that all relevant facts must be considered in passing upon this issue. For this purpose, trial is required.

The judgment is reversed.

Draper, P. J., and Devine, J., concurred.